## STATE v. WILLIAM STARTUP ET AL.

1. Section 159 of the charter of Jersey City, (*Laws*, 1871, *p*. 1160,) forbids any board or department of the city government to make a contract for work or materials without previous advertisement for proposals, with certain exceptions. *Held,* that although this section does not make the breach of its terms a crime, it is indictable.
2. The violation of a prescribed public duty by a ministerial officer is indictable without being made so in terms by statute.
3. In the absence of express words in the statute, making the act criminal, the indictment must charge that the offence was committed with an evil intent, or wilfully.

4. The indictment should negative provisos in the statute, which constitute exceptions to the duty imposed.

5. Where an indictment charges a crime, made such by statute, it is sufficient to charge it in the words of the statute, without a particular statement of facts and circumstances, when the offence is thereby described without ambiguity and uncertainty, or there may be such a particular statement of facts as will bring the accused within its operation.

6. If either count in an indictment be good, it will not be quashed.

7. A clear legal intent, by a repeal of the act imposing a penalty or constituting a crime, or some other expressed purpose, is necessary to annul a penalty or condone a crime.

8. Constructive repeal and discharge in such cases are forbidden by *Rev.*, p. 832, § 4, *title "Statutes,"* except in mere matters of practice or modes of procedure.

9. If an indictment found by a grand jury fail to set out any crime, the court cannot so amend it as to charge the crime which it is supposed they intended. Sections 43 and 53, Criminal Procedure Act, authorizing amendments, considered.

On *certiorari* to the Court of Oyer and Terminer of Hudson county, to remove indictments against the defendants.

Argued at February Term, 1877, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the state, *A. Q. Garretson* and *Vanatta*, Attorney-General.

For the defendants, *F. McGee* and *Cortlandt Parker*.

The opinion of the court was delivered by

SCUDDER, J. On the return of three several writs of *certiorari*, bringing into this court three separate indictments against these defendants, it is moved in their behalf that the same be quashed, for reasons which will be considered in order.

One indictment charges, in several counts and on different days, that the defendants, members of the board of public works of Jersey City, unlawfully did enter into a contract

with one Jeremiah B. Cleveland for work and materials for the construction of reservoir number three, &c., without previously advertising that the board of public works of Jersey City had determined to construct said reservoir, or that proposals would be received for constructing the said reservoir, &c. The counts further state that the charge is not within the exception of the statute, in cases where the sum to be expended does not exceed $500.

The second indictment charges the same unlawful omission to advertise for the construction of a sewer, called the reservoir sewer, of the structures and property connected with the supply and distribution of Passaic water, &c. It also states that the expenditure was not within the exception of the statute where the sum is under $500; nor for repairs where the safety or protection of public property or the public convenience required such advertisements to be dispensed with.

These indictments are founded on Section 159 of the charter of Jersey City, passed March 31st, 1871, (*Laws*, 1871, *p.* 1160.) This section forbids any board or department of the city government to make a contract for work or materials without previous advertisement for proposals, provided the amount shall not exceed the sum of $500; or for repairs, where the safety and protection of public property, or the public convenience, require such advertisement to be dispensed with.

This section does not impose any penalty, or make the violation of its terms a crime. It is a mere prohibition which would render a contract, made against its requirement for notice and proposals, void against the city. *Schumm* v. *Seymour*, 9 *C. E. Green* 153; 1 *Dillon on Mun. Corp.* 372–3.

It is, therefore, objected to this indictment that the act only annuls the contract, but constitutes no crime.

It is not necessary that the charter of a public corporation should, in terms, make the breach of a positive duty enjoined upon its officers a crime. The violation of a prescribed duty to the public is itself a crime, for which the offender may be indicted at common law. *State* v. *Morris Canal and Banking Co.*, 2 *Zab.* 537; 1 *Whart. Cr. Law*, § 10.

It is thus stated in *Bish. on Stat. Crimes*, § 138 : "Since the common law punishes every breach of public duty sufficient in magnitude for its notice, the consequence follows that if a statute newly creates a duty of a public nature, but prescribes no punishment for its violation, the party violating, while not indictable strictly under the statute, is so at common law." See, also, 1 *Bish. Cr. Law*, (4th ed.,) §§ 535, 536.

This public duty imposed upon the ministerial officers of a city government to make contracts by advertisement for proposals and competing bids, is of great importance in administering the affairs of the city, and its violation is a public wrong, which should be adequately punished.

But the act here forbidden is not necessarily criminal. It is not indictable at common law without the statute. It is only criminal when it proceeds from a criminal mind, and the indictment must be framed according to common law forms. Hence, in the absence of express words in the statute, making the act criminal, there must be a charge in the indictment that the offence was committed with an evil intent, or wilfully. 1 *Russ. on Crimes* 49; *Bish. on Stat. Crimes*, § 132, note 61 ; *State* v. *Halsted et al.*, *supra*.

It follows that these two indictments are defective in not charging that the omissions to advertise, according to the terms of the statute, were done with an evil intent, or wilfully. There is no allegation of wilfulness, guilty knowledge, or fraudulent intent.

What shall be the evidence of a criminal intent is another question. By the act of March 24th, 1873, Section 53, (*Laws*, 1873, *p.* 414,) it is enacted that at the end of Section 159 of the act to which that is a supplement, there shall be an additional proviso, as follows : "And provided, also, if the exigency of any public service will not admit of the advertisement for proposals provided for in said section, said work may be done forthwith, provided that the board charged with doing the same shall first pass a resolution declaring such exigency to exist, and that the immediate performance of the

State v. Startup.

work and furnishing of any material would not admit of the ordinary delay of advertising for proposals."

The counts of these indictments fail to allege that the exigency above named did not exist, and that the resolution was not passed. The other provisos in the original law are inserted, but this one in a subsequent act is omitted. The indictment should negative this proviso, otherwise there may be no offence charged within the terms of the act. If the exigency did exist, and the resolution was passed, the act of contracting without advertisement was legal.

There must be certainty in pleading a statutory crime.

The third indictment against the defendants is in two counts, and is founded on the act of 1872. *Laws*, 1872, *p.* 34. It charges, in the first count, that the defendants, members of the board of public works of Jersey City, did counsel, aid and assist and procure in obtaining for one Jeremiah B. Cleveland divers large sums of money, amounting, in the whole, to the sum of $4000, from the mayor and aldermen of Jersey City, not lawfully and justly due to the said Jeremiah B. Cleveland at the time of obtaining the same, &c. And, in the second count, that the defendants, being members of the board of public works of Jersey City, at a meeting of the said board of public works of Jersey City, did vote for and pass a certain resolution, wherein and whereby it was resolved, among other things, in substance and to the effect that $3000 be paid to Jeremiah B. Cleveland, on account of contract number eight, board of water commissioners, for labor and materials on reservoir number three; that $500 be paid to Jeremiah B. Cleveland for materials furnished and work done on reservoir sewer, and thereby then and there did counsel, aid, assist and procure in obtaining for one Jeremiah B. Cleveland divers large sums of money, amounting, in the whole, to a large sum of money, to wit, the sum of $4000, from the mayor and aldermen of Jersey City, not lawfully and justly due to the said Jeremiah B. Cleveland at the time of obtaining the same, &c.

By this act, the persons offending in the premises *shall be*

*guilty of a misdemeanor,* &c.    This section differs from Section 159 of the charter, relating to advertisements for contracts, which does not make the act criminal, and a different rule must be applied to it in pleading.    Where the indictment charges a statutory crime, the general rule is, that the offence may be charged either in the words of the statute, or there may be such a particular statement of facts as will bring the accused within its operation.    *State* v. *Thatcher,* 6 *Vroom* 445 ; *People* v. *Taylor,* 3 *Denio* 91 ; *State* v. *Stimson,* 4 *Zab.* 9 ; *Bish. on Stat. Crimes,* § 378.

This is stated with more particularity and accuracy in *Commonwealth* v. *Welsh,* 7 *Gray* 324, thus : " A charge in an indictment may be made in the words of a statute, without a particular statement of facts and circumstances, when, by using those words, the act in which an offence consists is fully, directly and expressly alleged, without any uncertainty or ambiguity."

It is required of every indictment that it shall give the accused reasonable notice of the act against which he is called to defend himself.    This may be given in the exact words of the statute, but it may require some statement of facts and circumstances to give him this knowledge.    If so, it is his right to have such facts and circumstances set out in the indictment.    There is no defect in this indictment, in these respects, in either count.    The defendants are charged in the words of the statute, the time is given, the person for whom the money was obtained, and the city corporation from which it was taken.    Greater particularity would afford the defendants opportunity for captious defences, but is not necessary for a fair trial of the charge.    It is said that the means by which the defendants did counsel, aid and assist, and procure in obtaining the money from the city, should appear, but this is matter of proof rather than of pleading.    The means employed are not elements of the crime by this statute.    *State* v. *Stimson,* 4 *Zab.* 478.

But if this objection were good, the second count of the indictment sets out the means.    It charges that at a meeting

of the board of public works, they did vote for and pass a certain resolution to pay to Jeremiah B. Cleveland a certain sum of money, not lawfully and justly due on a certain contract. This is particular enough in all the circumstances. If either count be good, the indictment will not be quashed. *State* v. *Norton et al.*, 3 *Zab.* 48.

It was further argued by the defendants' counsel that the first and third of these indictments, relating to contracts made and money paid for the construction of reservoir number three, should be quashed, because an act of the legislature, passed March 29th, 1875, (*Laws*, 1875, *p.* 393,) operated as a repeal of the penalty of these sections of the charter upon which the indictments are founded, and, by a legislative recognition, legalized the contract made, and all acts done under it. This act, entitled "An act relative to reservoir number three of the Jersey City water works," has no such intent or legal effect. Its object was to stop the work under the illegal contract, and make the contractor an equitable allowance for the work done by him. There is no attempt to alter the former statute, or to legalize the contract, or the acts of those who made it. The principle invoked and the cases cited are inapplicable. A clear legislative intent, by a repeal of the act imposing it, or some other expressed purpose, is required to take away a penalty or condone a crime by a retroactive law. This is especially to be guarded against in legislation designed to favor individuals at the expense of the public. By *Rev.*, *p.* 832, § 4, no offence, liability, penalty or forfeiture, civil or criminal, shall be repealed or altered, nor discharged, or affected by the repeal or alteration of the statute under which they were imposed, unless it be expressly declared in the act, except where said act shall relate to mere matters of practice or modes of procedure. The result to which I have arrived is, that the first and second indictments should be quashed, and the motion should be denied as to the third indictment. A further motion is made on behalf of the state, that, if either of the indictments be found defective, amendments be allowed.

The defect in the first and second indictments, as already stated, is, that they do not charge a criminal intent or wilfulness in the failure to advertise for proposals, &c. Can this be amended? Such amendment in the body of the indictment could not be made by the common law, nor by any statute or practice in our state prior to the Revision, which took effect January 1st, 1875. It is claimed that such amendment may now be made under Sections 43 and 53 of the act regulating proceedings in criminal cases. *Rev., pp.* 275–277.

Section 43 authorizes amendments to be made whenever, upon the trial of any indictment or legal presentment for a criminal offence, there shall appear to be any *variance between the statement therein and the evidence* offered in proof thereof, in the name of place, person owning property, or person or property, matter or thing, named or described therein; and further, in case any error in form shall exist in said indictment, or in the manner of describing the offence intended to be charged, Section 53 enacts, that every objection to any indictment, for any *defect of form or substance,* apparent on the face thereof, shall be taken by demurrer, or motion to quash such indictment, *before the jury shall be sworn, and not afterwards;* and every court before which such objection shall be taken for any such defect, or before whom any person may be tried, may, if it be thought necessary, cause the indictment to be forthwith amended, &c.

It is said, that at common law, as the indictment is the finding of a jury upon oath, it cannot be amended without the concurrence of the grand inquest by whom it is presented; but as the grand jury give their formal consent before they are discharged, that the indictments may be amended in form, without altering the substance, mere technical informalities may, therefore, be amended by the court before the commencement of the trial. 1 *Arch. Cr. Prac. and Pl.* 100; 1 *Chit. Cr. Law* 297; 1 *Bish. Cr. Proc.,* § 707, &c.

Chief Justice Gibson, in *Sparks* v. *Commonwealth,* 9 *Barr* 354, says these are those clerical slips which it is well settled

the court has power to amend by the previous assent of the grand jury. Such amendments are infrequent in the practice of our courts. But no court has assumed to amend an indictment or presentment in matter of substance without express statutory authority. Some late English statutes have given large authority of amendment under the unlimited power of parliament, but parts of these might probably be restrained by our constitutional limitations.

In our constitution is found the provisions that "no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury;" and "in all criminal prosecutions, the accused shall have the right to be informed of the nature and cause of the accusation," &c.

This presentment or indictment is what he may be called upon to answer, and nothing else; not a charge made under the sanction of a court acting by the authority of some statute.

Section 43 of our Criminal Procedure Act relates to *variance* between the statements of the indictment and proof at the trial. It enumerates particulars that are amendable, and they may properly be considered matters of form, or of such substance as do not affect the very nature and cause of the accusation. This section adds further, "in case any error in form shall exist in said indictment, or in the manner of describing the offence intended to be charged, like amendment shall be made in like terms."

We come upon debatable ground in the last clause of the sentence. The manner of describing the offence intended to be charged may be essential to show that a crime has been committed, and contain the very gravamen of the charge. This section, as has been said, relates to variance at the trial, but it must be used to illustrate Section 53, upon which this motion depends, for the indictments are now before us on a motion to quash before the jury are sworn.

This latter section says that any defect of form or substance, apparent on the face of the indictment, may be forthwith amended in any particular. The power of amendment here

given may well cover the special matters named in Section 43. It is, however, obvious that every defect in substance cannot be altered, for this might essentially change the indictment. Does the expression *defect of substance* mean that if there be a substantial omission to charge any crime, it may be inserted? If the grand jury have failed to present any crime, may the court add fit words to make it such?

Mr. Bishop, in his work on Criminal Procedure, vol. 1, §§ 96, 705, &c., discusses this subject so fully that it is needless to add to his reasoning or illustrations. His conclusion is that no matter that is essential to be set forth to show that an offence has been committed, can be mere matter of form. And it is plain that the legislature cannot constitutionally authorize an amendment in substance, which will change an indictment found by a grand jury so as to substitute one crime for another charged therein; nor if the indictment fail to set out any crime, can the court so amend it as to charge the crime which it is supposed they intended.

The object of the constitution is, that a man shall not be harassed with a public accusation and trial until a grand jury have passed upon the probability, and the degree of criminality. Without his consent the court can permit no allegation of crime to be made against him which the grand jury have not presented.

In the present case, the grand jury have found, under the first two indictments, that these defendants did not advertise for proposals, &c. They, doubtless, believed that to be a crime under the charter. But suppose they had understood that it was necessary to charge that the defendants did this act wilfully, corruptly or with fraudulent intent, is it certain they would have presented such indictment?

They certainly have not expressed an intent to charge them with wilfulness in their failure to advertise. As this was necessary, because the statute does not, in itself, declare the omission to be criminal, the jury have failed to find that any crime was committed, or even to indicate a purpose that they intended so to charge.

In matter of drainage along Pequest river.

The amendments proposed would so essentially change these first two indictments that they should not be allowed. The motion to amend them is refused.