THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
FRANK SHUTTS, PLAINTIFF IN ERROR.

Submitted April 28, 1902—Decided March 3, 1903.

1. An indictment for the larceny of chickens, if intended to be under
   section 158 of the act for the punishment of crimes (Revision of
   1898; *Pamph. L., p.* 794), should contain allegations sufficient to
   show that the offence is not that defined in section 162 of the same
   act.

2. Whether since the enactment of section 162 chickens are the sub-
   ject of larceny under section 158, *quære.*

3. Upon a writ of error to review a judgment in a criminal case, the
   court will only consider such matters as have been called to the
   attention of the state either by assignment of error or specifica-
   tion of causes; and a general exception to a charge is only avail-
   able when error is assigned upon the objectionable portions.

On error to the Monmouth Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL,
GARRISON and GARRETSON.

For the plaintiff in error, *Wesley B. Stout.*

For the defendant in error, *John E. Foster,* prosecutor of
the pleas.

The opinion of the court was delivered by

GARRETSON, J. This case is before the court upon writ of
error and it seems to be assumed by the plaintiff in error that
it is so under section 136 of the Criminal Procedure act of
1898 (*Pamph. L., p.* 915), which provides that "the entire
record of the proceedings had upon the trial of any criminal
cause may be returned by the plaintiff in error therein with
the writ of error," &c., but an examination of the printed
book fails to disclose any return by the judge other than the
ordinary and formal return to the writ of error.

The proper practice upon a return made in accordance with
section 136 is indicated by the Court of Errors and Appeals
in the case of *State* v. *Young,* 38 *Vroom* 223.

By section 137 of the same act it is provided that "where a plaintiff in error shall elect to take up the entire record with his writ of error as herein provided, he shall specify the causes in the record relied upon for relief or reversal, and shall not be confined to his bill of exceptions or required to assign error thereon, and he shall serve a copy of the causes so relied upon for relief or reversal" upon·the representative of the state within a specified time. And the case of *State* v. *Young, supra,* holds: "The clear implication is that the review is to be confined to matters of which the state is apprised, either by assignment of error or specification of causes." In the present case no specification of causes of reversal has been served.

It is further provided by section 140 of the Criminal Procedure act that "it shall be lawful to take a general exception to the charge of the court to the jury without specifying any particular ground or grounds for such exception and without specifying what portions of said charge are excepted to, and it shall be the duty of the judge to settle a bill of such exception and to sign and seal the same to the end that the same may be returned with the writ of error to the court having cognizance thereof." And section 141 provides: "It shall be lawful, where such general exception has been taken, to assign any error. or errors of law upon any portion of the charge so excepted to."

The case before us does not disclose any general exception to the charge upon which the judge settled a bill of exception or signed and sealed the same.

Under the Criminal Procedure act (*Gen. Stat.,* p. 1154, § 170; *Pamph. L.* 1894, § 246) the return to the writ is to be of the indictment, with all things touching the same, including the entire proceedings had upon the trial, and is so certified by the trial court; and the court on hearing was required by this statute to look at the entire record of the proceedings, including the testimony and the weight thereof, and was authorized to reverse the judgment and grant a new trial where it appeared from the entire record of the proceedings that the

plaintiff in error sustained manifest wrong or injury. *Roesel* v. *State,* 33 *Vroom* 216, 240.

The Criminal Procedure act of 1898, in section 136, *supra,* omits the words, "or upon the evidence adduced upon the trial," so that since that act the court, upon review, does not pass upon the weight of the evidence, and only upon its admission or rejection or upon the direction of the judge as to its legality and that only when brought before the reviewing court in the manner indicated above.

We are therefore confined in this case to a consideration of the record of the judgment and to such bills of exception as were duly signed and sealed at the trial.

There were thirteen assignments of error, as follows:

*First.* Because the judgment was given for the state and against the said Frank Shutts, when by law of the land the judgment aforesaid should have been given to the said Frank Shutts.

*Second.* Because the trial judge refused to quash the indictment.

*Third.* Because the said court admitted the testimony against said defendant which was illegal and contrary to law.

*Fourth.* Because the said court refused to admit testimony on the part of the defendant which in law he should have done.

*Fifth.* Because the testimony was such that it showed that the defendant was not guilty and the verdict should have been accordingly.

*Sixth.* Because the judge charged the jury contrary to law.

*Seventh.* Because the judge charged the jury contrary to the proof in the case.

*Eighth.* Because the court refused to charge the jury as requested.

*Ninth.* Because the jury found the defendant guilty of grand larceny, to wit, "the defendant is guilty of grand larceny, as he stands charged in the indictment."

*Tenth.* Because the said indictment is not signed by the foreman of the grand jury.

*Eleventh.* Because the verdict or finding is against the clear weight of evidence.

*Twelfth.* Because the verdict or finding is contrary to the evidence and the law.

*Thirteenth.* Because for divers other reasons the said judgment is erroneous and contrary to law.

The fifth and eleventh assignments of error are upon the findings of the evidence and cannot be considered. The eighth is not founded on any request to charge with respect to any matter whatever. The tenth exception is not well taken—the indictment need not be signed by the foreman of the grand jury. *State v. Magrath, 15 Vroom* 227. The sixth, seventh and twelfth have no exceptions or specifications to sustain them and are not in themselves specifications of causes for reversal. The third and fourth are to the admission and rejection of testimony, and an examination of all the exceptions to such admission and rejection fails to disclose any error in the rulings of the trial court. The first, second, ninth and thirteenth exceptions are such as will raise any questions appearing on the face of the indictment and the record of the judgment.

The plaintiff in error was indicted for that he "seven bags of chickens, of the value of $20, of the goods and chattels of J. A. S., then and there being found unlawfully, did steal, take and carry away." The indictment also contained a count for receiving stolen goods. The verdict of the jury was "that they find the defendant guilty of grand larceny, as he stands charged in the indictment." The judgment was "that the defendant be confined in the state's prison, at hard labor, for the term of two years."

Section 158 of the Crimes act (*Pamph. L.* 1898, *p.* 837) provides: "Any person who shall steal of the money or personal goods and chattels of another * * * shall be guilty of a misdemeanor, if the price or value of the article, property or thing be under $20; and if the price or value of the article, property or thing be of or above $20, shall be guilty of a high misdemeanor."

The penalty for a high misdemeanor, as prescribed by sec-

tion 217 of the Crimes act (*Pamph. L.* 1898, *p.* 854), is a fine not exceeding $2,000 and imprisonment not exceeding seven years. The penalty for a misdemeanor, by section 218 (*Pamph. L.* 1898, *p.* 854), is a fine not exceeding $1,000 and imprisonment not exceeding three years.

The case was tried upon the theory that the indictment was found under this section of the statute; evidence was produced as to the value of the chickens taken.

The judge charged the jury as follows: "This defendant is indicted upon an indictment charging him with grand larceny, petit larceny and a count charging him with receiving those goods, knowing them to have been stolen. Under this indictment and under certain circumstances which we may or may not find, he could be convicted of either one of those offences, or entirely acquitted. In the first place, you should convict him, if you believe him to be guilty, of grand larceny. Grand larceny consists of a theft of goods worth as much or more than $20 in value. You could convict him of petit larceny, which consists of a theft of goods in value less than $20, or you could convict him of receiving those goods with a guilty knowledge that they had been stolen, and in that case it makes no difference whether the goods were worth $20 or less. The first thing for you to determine, if you determine that he is guilty beyond a reasonable doubt, is what he is guilty of—were these chickens worth $20? if they were, and he should be convicted, you should say he was guilty as charged in the indictment. If in your verdict you say this— he stole those chickens, but they were not worth $20, then you should say he was guilty of petit larceny. You understand, if you find that the value of the goods was $20, then you should say he was guilty as charged in the indictment, and if less than $20, then you should say that he is guilty of petit larceny. Now, suppose you find that he did not steal, but received the goods knowing them to have been stolen, then you will simply say that you find him guilty of receiving the goods, but he would not be guilty of stealing."

The plaintiff in error claims that chickens are not included within the terms, "Money or personal goods and chattels,"

used in section 158, *supra,* because of the provisions of section 162 of the Crimes act (*Pamph. L.* 1898, *p.* 839), which is as follows: "Any person who shall carry away or unlawfully appropriate with intent to steal any turkey, goose, duck, chicken or other domestic fowl, by whatever name known or designated, the property of another, shall be guilty of a misdemeanor."

The indictment attempts to follow the ordinary common law form for larceny, which is the offence defined in section 158.

Whether, since the enactment of section 162, chickens are no longer the subject of larceny under section 158, need not now be decided. It may be suggested, however, that possibly section 162 applies only to domestic fowl when alive, and that when killed, and a subject of merchandise, they may be included under the denomination of personal goods and chattels in section 158.

If chickens are the subject of larceny, under section 158, the indictment charging that defence should contain words of sufficient description to exclude the application of section 162. Under that view this indictment would be defective in that particular. The words of criminal import in section 162 are "carry away or unlawfully appropriate with intent to steal." The words used in the indictment are "steal, take and carry away."

We consider, however, that the indictment is defective in the description of the property taken, whether regarded under the one hundred and fifty-eighth or the one hundred and sixty-second section.

The indictment found is not sufficient to charge the offence set out in section 162, because it is clearly a charge under section 158. It should contain allegations sufficiently clear to apprise the defendant that he is charged with the offence under section 162, and not under section 158. The words in section 162 are "carry away or unlawfully appropriate with intent to steal," and these are not equivalent to "steal" in section 158. It should also be alleged in the indictment that the chickens carried away or appropriated with intent

to steal are domestic fowl, so as to distinguish them from other fowl called chickens which are not domestic fowl. There should be no allegation of value, because the offence does not depend upon the value.

The indictment found is not sufficient as an indictment for larceny under section 158, because the carrying away or appropriating with intent to steal of chickens having been made an offence by section 162, if it should be claimed that chickens of certain sorts or in certain conditions are still subjects of larceny under section 158, the sort or condition should be specified, so that the defendant may be informed under which section he is accused.

We consider, moreover, that the description "seven bags of chickens of the value of $20" is defective, whether regarded under the one hundred and fifty-eighth or one hundred and sixty-second sections. Chickens are usually regarded by number or weight. The expression used in the indictment conveys no idea of the number or quantity of chickens taken. The property taken cannot be described by what it is enclosed within, because that gives no idea of the extent of the goods taken. *Whart. Cr. Pl. & Pr. (8th ed.),* § 206.

If the indictment is for larceny, the value of each article should be stated. *Whart. Cr. Pl. & Pr., supra; State* v. *Stimson,* 4 *Zab.* 9; *Stephens* v. *State,* 24 *Vroom* 245.

The judgment of the sessions should be reversed.