THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
    DAVID LITTMAN AND SAMUEL WEINFELD, PLAINT-
    IFFS IN ERROR.

Submitted July 6, 1915—Decided November 15, 1915.

On error to the Supreme Court, whose opinion is reported
in 86 *N. J. L.* 453.

For the plaintiffs in error, *Edward Schoen.*

For the defendant in error, *Frederic F. Guild,* prosecutor of
the pleas (*Louis Hood* of counsel).

PER CURIAM.

The plaintiffs in error were convicted in the Essex County
Quarter Sessions of keeping and maintaining a disorderly
house in the city of Newark. The judgment on this convic-
tion was brought into the Supreme Court for review, by a writ
of error, and that court affirmed the judgment.

The judgment is now before us for review on a writ of error
to the Supreme Court.

We have examined and considered the questions raised by
the assignments of errors, and finding no error harmful to the
plaintiffs in error in the record, we have reached the result
that the judgment should be affirmed on the opinion of the
Supreme Court, but with the following correction:

The Supreme Court, in stating the legal rule of evidence
relating to the nature of the proof required to establish the
"evil name and fame" of the frequenters of the resort kept by
the plaintiffs in error, said: "Whether the frequenters of the
house were of evil name and fame, and of dishonest conversa-
tion, was a question of fact to be determined, not alone by
their general reputation, but by their conduct and conversation
while in the house." We deem this to be an inaccurate state-
ment of the legal rule, so far as it applies to the matter of evil

name and fame of those who were in the habit of frequenting defendants' house. By evil name and fame is meant reputation, and that cannot be proven by specific acts of misconduct. *State* v. *Bullock,* 65 *N. J. L.* 557; *State* v. *Baans,* 77 *Id.* 123; *Com.* v. *O'Brien,* 119 *Mass.* 342.

Testimony of conduct and conversation, in the present case, was admissible to establish the character of the house because it came within the scope of the acts of misconduct charged in the indictment, but had no probative force upon the question whether such frequenters of the house were of evil name and fame.

Where one of the elements of disorder charged in the indictment is that of permitting illegal practices or conduct to be habitually carried on in a place of public resort, as was the case in *State* v. *Williams,* 30 *N. J. L.* 102, it is proper to prove the specific acts and conduct of the frequenters of the place. *State* v. *Schlosser,* 85 *Id.* 166; affirmed by this court in 86 *Id.* 374.

The character of the proof necessarily depends upon the nature of the nuisance charged in the indictment. *Linden Park Horse Association* v. *State,* 55 *N. J. L.* 557; *State* v. *DeLorenzo,* 80 *Id.* 500.

It is obvious that in principle it can make no difference whether or not the illegal practices or conduct habitually carried on are by persons of good or evil repute, in order to constitute an indictable offence, where the nuisance charged in the indictment is that of habitually permitting illegal practices and conduct to be carried on in a place of public resort.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.