WILLIAM HENDERSON, PROSECUTOR, v. THE STATE OF
NEW JERSEY, RESPONDENT.

Submitted May 7, 1929—Decided May 27, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Thomas Brown.*

*Contra, John E. Toolan.*

PER CURIAM.

A writ of *certiorari* (accompanied by a motion to quash)
brings before us an indictment of two counts against William
Henderson, a member of the uniformed police department of
Raritan township, Middlesex county. The first count, having
made certain recitals, charges that the defendant did "will-
fully and maliciously permit and suffer one Steve Toth to
go at large and did unlawfully, knowingly, willfully and
maliciously fail, neglect and refuse at the time and place
aforesaid to apprehend and arrest said Steve Toth, who was
then and there in view of said William Henderson, and with
the knowledge and consent of said William Henderson, unlaw-
fully transporting by automobile five five-gallon cans of liquor,
to wit, whiskey, containing more than one-half of one per
cent. of alcohol by volume, fit for use and to be used for bev-
erage purposes, contrary to the form of the statute in such
case made and provided, and against the peace of this state,
the government and dignity of the same." The second count,

after the preliminary recitals, charges that the defendant did "willfully and maliciously demand, receive and accept from the said Steve Toth as a bribe the sum of $180 in consideration whereof the said William Henderson did willfully and maliciously permit and suffer the said Steve Toth to go at large and did knowingly, willfully and maliciously fail, neglect and refuse at the time and place aforesaid, for the consideration aforesaid, to apprehend and arrest · the said Steve Toth when he the said Steve Toth was then and there in view of said William Henderson, with his knowledge and consent unlawfully transporting by automobile five five-gallon cans of liquor, to wit, whiskey, containing more than one-half of one per cent. of alcohol by volume, fit for use and to be used for beverage purposes, contrary to the form of statute in such case made and provided and against the peace of this state, the government and the dignity of the same." The defendant-prosecutor of the writ calls attention to the recital, in the indictment, of the "Prohibition Enforcement act," as chapter 225 of the pamphlet laws of 1922, whereas that act is really chapter 255; and to the spelling "fir" where "fit" is obviously intended; and contends that these errors are fatal and cannot be amended. He also argues that the indictment does not charge a common law crime, and that the Prohibition Enforcement act, by its strict terms, requires that an officer shall, in the order named, (1) examine a suspected vehicle, (2) seize the intoxicating liquors therein, (3) take possession of the vehicle and (4) arrest the person; that it does not become the duty of an officer to make the arrest until the three prior duties have been performed, and, consequently, that the indictment is faulty because, without alleging the performance, of the prior duties, it charges the defendant with mere failure to arrest. He further criticizes the indictment on the ground that it is uncertain, ambiguous and duplicitous.

If either count is good the motion to quash should be denied. *State* v. *Startup*, 39 *N. J. L.* 423.

We are of the opinion that both counts are good. The Prohibition act quite clearly makes it an offense to transport

liquor; and the first count of the indictment in unmistakable terms charges the defendant with knowledge of that offense and consent thereto, and with malicious failure, neglect and refusal to arrest the perpetrator. If the defendant, a uniformed police officer, had the knowledge thus imputed to him and willfully neglected to make an arrest, he is guilty of neglect of a duty imposed upon him by law and is indictable therefor. *State* v. *Castle, 75 N. J. L.* 187.

Likewise the second count, as a charge of malfeasance in office, is good. *State* v. *Jefferson, 88 N. J. L.* 447.

The misspelling "fir" and the inaccurate numerals may be corrected by amendment, since the indictment even as it stands charges a crime. *State* v. *Lamb, 81 N. J. L.* 234.

We do not consider that the indictment is either uncertain, ambiguous or duplicitous. It is a clear presentation of the offenses alleged, and fully apprises the defendant of the charges against which he is to prepare his defense.

The motion to quash is denied. The writ of *certiorari* is dismissed. The indictment is to be remitted to the Middlesex Sessions for further proceedings according to law.