STATE OF NEW JERSEY, v. MEYER C. ELLENSTEIN, AND
TWENTY-FIVE OTHERS, DEFENDANTS.

Decided December 19, 1938.

FLANNAGAN, C. P. J.   Application is made in behalf of
the state for a struck jury, but it seems to me the present
statute is most difficult of administration in cases of criminal
conspiracy or other lesser crimes.

There . are definite provisions for obtaining a struck jury
under the head "Criminal Causes" for cases of murder, arson,
atrocious assault and battery, sodomy, burglary, manslaughter,
rape or robbery (*R. S.* 2 :93-12 *et seq.*), but in cases of other
crimes, such as conspiracy, the jury must be obtained in the
same manner as in case of struck juries in civil causes.   *R. S.*
2 :93-12 *et seq.*

Turning to the provisions for the drawing of struck juries
in civil causes (*R. S.* 2 :93-7 *et seq.*) we are met with a num-
ber of questionable situations.   At the very outset, we find
that the sheriff is required to deliver to the justice or judge
"a book containing · the names of the several persons in his
county qualified to serve as jurors, with their places of abode."

There has never been a book of just that description kept
by the sheriff of Essex county.   There is a population of
approximately a million people in this county.   This pro-
vision has been brought down from 1877 and, at the present

time, such a book would seem to contemplate a content of several hundred thousand names. The statute provides that the justice or judge shall "select and transcribe from the book" mentioned a list of the names and abodes of persons, and that from this list the jury shall be drawn. Some substitute for such a book would have to be used. Whether the use of the registration books would satisfy the provisions of the statute is not known. The registration books contain many names of persons who are not qualified to serve or are exempt as jurors by reason of age and for other reasons, but these books seem the nearest available approximation to the book referred to in the statute.

Assuming that the situation just referred to is by some expedient met successfully, and that the justice or judge proceeds to the next step, then he must select in the presence of the parties, from the number of names in the "book," forty-eight names who, under the provisions of the statute must be those "whom he considers to be the most impartial and indifferent between the parties and best qualified as to talents, knowledge, integrity, firmness and independence of sentiment to try the cause." These names being selected from the qualified jurors, the statute contemplates the attendance before the justice or judge of the parties litigant and thereupon each party "shall" strike names alternately from the names selected by the judge until each party has stricken twelve names, whereupon, "the remaining twenty-four * * * shall be the jury to be returned to try the cause."

The statute provides that in the event either party is "absent" the justice or judge "shall" strike for him, but the statute makes no provision for the situation where a party is present and deems his interests best served by failing or refusing to strike, or for the situation where there are several defendants, all being present, and some desire to strike a certain name and others oppose doing so, or where there are several defendants and some are absent and some present. In such a situation more than twenty-four names would remain on the list of those selected by the judge and the dec-

laration of the statute that "twenty-four * * * shall be the jury to be returned" would not be complied with.

Assuming, however, that these eventualities did not occur and that each side struck twelve names, leaving twenty-four of the names selected by the justice or judge, and that the sheriff succeeded in finding and producing all of the twenty-four persons remaining on the list, no unforeseen eventualities intervening, none being absent from their homes or unable to attend, we come to the next step, viz., peremptory challenges allowed in a criminal trial, under the criminal law, where a struck jury is ordered, each party being allowed five.

If these challenges are exercised there would remain upon the list of selections made by the justice or judge fourteen names.

The law contemplates, in the discretion of the trial judge, fourteen jurymen where a protracted trial is likely, two of whom are denominated alternate jurors. *R. S.* 2:91a-1 *et seq.* The trial of the instant case is contemplated to be long protracted, and if fourteen jurors are to be used we are now reduced to the fourteen.

This leaves no margin for challenges for cause discovered before or after the striking, or revealed, for the first time, at the trial, before the swearing in, if such challenges be permissible and interposed.

The selection of the jury is the foundation upon which the entire fabric of proof must rest. If the foundation is legally defective the whole trial is illegal, and, in the event of conviction, must come to naught, no matter what the evidence may be. The trial will necessarily involve a great expenditure of time and money on the part of the state as well as the respective defendants.

The statute is full of legal pitfalls, and I do not feel that the court would be justified in sanctioning a resort to a struck jury where a simple alternative to accomplish the state's purpose, viz., to avoid possible bias of a local common jury, is open under the provisions of the statute for a foreign jury.

I do not wish to be understood as holding that these pitfalls

cannot be successfully avoided in a conspiracy case, but in the public interest it does not seem to me they should be risked, at least when an alternative remains open reasonably approximating the ends sought by the state.

Other objections have been raised by the defendants, but in view of the conclusion reached it is not necessary to discuss them.

I conclude, on the whole, that the application should be denied.