11 N.J. Super. 542 (1951)
78 A.2d 577
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAWRENCE G. BLEICHNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1951.
Decided February 6, 1951.
*543 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Samuel P. Orlando argued the cause for defendant-appellant (Mr. John L. Morrissey, attorney).
Mr. Benjamin Asbell, Assistant County Prosecutor, argued the cause for plaintiff-respondent (Mr. Mitchell H. Cohen, Prosecutor of Camden County, attorney).
*544 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Lawrence G. Bleichner and William J. Sheehan were jointly indicted, and at the trial in the Camden County Court the defendant Bleichner was convicted and defendant Sheehan was acquitted. Defendant Bleichner appeals from the judgment of conviction.
The indictment charged that Lawrence G. Bleichner and William J. Sheehan "being the contractors engaged to erect a certain dwelling house, to wit, a bungalow, on Walnut Street, Audubon, New Jersey, for one Edgar A. Heubel, and being entrusted as such contractors with the sum of ($2,930.00) two thousand nine hundred and thirty dollars, they, the said Lawrence G. Bleichner and William J. Sheehan, did unlawfully and fraudulently convert the said sum of two thousand nine hundred and thirty dollars ($2,930.00) to their own use, with intent to cheat and defraud the said Edgar A. Heubel, contrary to the provisions of R.S. 2:124-16."
R.S. 2:124-16 provides:
"All moneys received by a contractor from the owner or mortgagee of real estate or any leasehold or other interest therein, while a building is being erected, constructed, completed, altered, repaired or having an addition made thereto, are hereby declared to be trust funds in the hands of such contractor to be applied to the amount of all claims due or to become due and owing from such contractor to all persons furnishing labor or materials to him for the erection, construction or completion of the building or any alteration, repair or addition thereto, and any other reasonable and necessary charge in connection with the carrying on and completion of the work on the building. Any contractor or any officer, director or agent of such contractor who pays or consents to the appropriation of such funds for any other purpose prior to the payment of all claims and charges for the payment of which such funds constitute a trust fund as above provided, shall be guilty of a misdemeanor."
On May 5, 1948, Edgar A. Heubel, the complaining witness, and Margaret, his wife, called at the defendants' place of business in Camden, in answer to an advertisement. There they met the defendant Sheehan, who told them that his partner Bleichner was the "contractor and builder in this organization" and that he would be in soon. When Bleichner came in, they discussed with him the building of a home. *545 They were shown a scale model of a five-room bungalow and agreed to have such a home built for them on a lot which they owned in Audubon. Defendant Bleichner then produced a printed form of contract headed: "William J. Sheehan Co., Building Contracting, 333 Market Street, Camden, New Jersey" and filled it out. This contract provided that a standard five-room bungalow would be completed for $6,930, which was to be paid by the Heubels in installments at specified times. This agreement was signed by the Heubels and by the defendant Bleichner. The Heubels paid $250 to defendant Sheehan, in defendant Bleichner's presence, at the time of the signing of the contract on May 5, 1948; and between May 5, 1948, and September 11, 1948, made additional payments of $2,680 to defendant Bleichner, and receipts for all the payments totaling $2,930, signed by defendant Bleichner, were endorsed on the back of the written agreement of May 5, 1948. The payments made by the Heubels not only met the required instalments under the agreement at the time, but were in excess thereof.
When the agreement was signed, Bleichner informed the Heubels that the house could be built within ten to twelve weeks. When the Heubels complained from time to time about the failure to start the construction, Bleichner gave various excuses. After the last payment by the Heubels in September, 1948, the defendants moved from their place of business and left no forwarding address. When the Heubels finally located them, the defendants said they would start immediately on the construction of the building. Shortly thereafter a cellar was dug, but nothing further was done on the construction. The parties stipulated that the value of all work done was $500. The demand of the Heubels for the return of the money paid was not complied with.
In his charge to the jury, the trial judge stated:
"If, on the other hand, you should find, after a consideration of the testimony in this case, that Bleichner and Sheehan were partners, and were in the contracting business, and that as a result of such relationship or association this man Heubel paid to them the sum of $2,930 for the erection and construction of a building and that they *546 failed to erect or construct the building, and those facts have been established to your satisfaction beyond a reasonable doubt, then I say to you you should return a verdict of guilty as against both of these defendants * * * you can find one guilty and the other innocent, or you may find both innocent, or, of course, you can find both guilty, depending on your consideration of the evidence submitted."
The defendant Bleichner objected to this portion of the court's charge on the ground that the acceptance of moneys by a contractor for the erection or construction of a building, and the failure to erect or construct such building, does not of itself constitute a crime under the statute.
The defendant contends that the trial court committed reversible error in its charge, and we agree. The crime sought to be charged in the indictment was a violation of R.S. 2:124-16. Under this statute all moneys received by a contractor from the owner or mortgagee of real estate, or any leasehold or other interest therein, for the erection, construction or completion of a building, the alteration or repair thereof, or the addition thereto, are constituted trust funds to be applied to the amount of all claims due or to become due or owing from such contractor to all persons furnishing labor or materials to him for the erection, construction or completion of the building, or any alteration, repair or addition thereto, and any other reasonable and necessary charge in connection with the carrying on and completion of the work on the building. To be guilty of a violation of this section the contractor or an officer, director or agent of such contractor must pay or consent to the appropriation of such funds for some other purpose prior to the payment of all claims and charges for the payment of which such funds are constituted a trust fund by the statute. The effect of the court's charge was to instruct the jury to return a verdict of guilty against the defendant Bleichner if they found (1) that Heubel had paid $2,930 to Bleichner, individually, as the contractor, or to Bleichner and Sheehan, as partners in the contracting business, for the erection and construction of the building, and (2) that the building was not erected or constructed. This constitutes reversible error. The violation *547 of the statute does not depend upon the failure of the contractor to erect or construct the building. The violation may occur whether the building is erected or constructed, or is not, but it can occur only when the contractor pays or consents to the appropriation of the moneys for another purpose prior to the payment of all claims and charges for the payment of which the moneys constitute a trust fund under the statute.
We also agree with the defendant's contention that the court erred in denying his motion to dismiss the indictment. Every constituent element of the crime charged must be set forth in the indictment and not left to intendment. State v. Solomon, 97 N.J.L. 252 (E. & A. 1922). It is fundamental, of course, that an indictment, to be effective as such, must set forth the constituent elements of a criminal offense; if the facts alleged do not constitute such an offense within the terms and meaning of the law or laws on which the accusation is based, or if the facts alleged may all be true and yet constitute no offense, the indictment is insufficient. 27 Am. Jur., Indictments and Informations, § 54. A constituent element of the offense under this statute is that the moneys were received by the contractor from "the owner or mortgagee of real estate or any leasehold or other interest therein" and this indictment, in failing to state that the moneys involved were received from such an owner or mortgagee, fails to state a constituent element of the crime. Also, the payment or consent to the appropriation of such moneys by the contractor for other purposes is not necessarily a crime under the statute. A constituent element of the crime is that the contractor pay or consent to the appropriation of such funds for any other purpose "prior to the payment of all claims and charges for the payment of which such funds constitute a trust fund" under the statute. The indictment fails to state this constituent element of the crime.
The judgment is reversed.