20 N.J. Super. 317 (1952)
90 A.2d 39
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DOMINICK LOMBARDO, DEFENDANT-PETITIONER, AND JOSEPH MARTINO, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 9, 1952.
Decided June 24, 1952.
*320 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Frank G. Schlosser argued the cause for defendant.
Mr. Mitchell H. Cohen, Prosecutor of Camden County, argued the cause for the State.
The opinion of the court was delivered by JAYNE, J.A.D.
The present appeal prosecuted by leave of this court pursuant to Rule 2:5-3 (b), (6) (a), brings critically to our attention three indictments of the grand jury presented to the court against the defendant Lombardo.
The indictment designated No. 985-51 embodying seven counts purports to charge the commission by the defendant of the crime of false swearing in violation of R.S. 2:157-4; indictment No. 986-51 is designed to allege in nine separate counts acts of malfeasance by the defendant in his official capacity as undersheriff and custodian of the prisoners confined in the county jail; the remaining indictment No. 991-51 implicates the defendant in a conspiracy with others to pervert and obstruct justice or the due administration of the laws contrary to R.S. 2:119-1.
Applications were addressed to the County Court for the dismissal of each of the three indictments grounded predominantly upon the contention that each is too deficient in its allegations to charge the commission of a crime. The motions were denied by an order of the court made on March 27, 1952, 18 N.J. Super. 511 (Cty. Ct. 1952), the propriety of which we are requested by counsel for the defendant and for the State to determine.
In the environment of the early common law the validity of an indictment was considered inter alia in respect to its strict conformity with the established accuracy and *321 nicety of language, but gradually the courts came to recognize that much of the precautious tautology and prolixity which had characterized indictments could be safely disregarded without any infringement of the right of the accused to be informed of "the nature and cause of the accusation." It is now the general rule that an indictment which on its face is in all other respects sufficient will not be nullified merely because it is inartfully or awkwardly worded or disorderly in the arrangement of its allegations.
However progressively liberal has become the legislative and judicial attitude toward the literal composition of indictments (see R.S. 2:188-5, 6, 7, 9; Rules 2:4-11, 13) and the discretionary disinclination to quash them unless palpably defective (State v. Western Union Tel. Co., 13 N.J. Super. 172 (Cty. Ct. 1951), yet it is basically imperative that an indictment allege every essential element of the crime sought to be charged. State v. Schmid, 57 N.J.L. 625 (Sup. Ct. 1895); State v. Solomon, 97 N.J.L. 252 (E. & A. 1922); State v. Bleichner, 11 N.J. Super. 542 (App. Div. 1951).
The omission of an essential element cannot be supplied by inference or implication. State v. De Vita, 6 N.J. Super. 344 (App. Div. 1950); State v. Lustig, 13 N.J. Super. 149 (App. Div. 1951).
In the interest of expedition in the disposition of these interlocutory matters we will express our conclusions with an economy of comment.
The statute relating to false swearing read as follows:
"Any person, his procurers, aiders and abettors, who shall willfully swear falsely in any judicial proceeding, or who shall willfully swear falsely before any person authorized by virtue of any provision of law of this state to administer an oath and acting within his authority, shall be guilty of false swearing." R.S. 2:157-4.
"False swearing is hereby constituted a misdemeanor." R.S. 2:157-7. (Present counterpart, N.J.S. 2A:131-4.)
It is immediately noticed and with clear reason that the statutory offense only envelops a person "who shall willfully *322 swear falsely * * *." (Italics ours.) The conspicuously essential elements of the crime are that the person not only swore falsely but that he did so willfully. Section R.S. 2:157-5 does not declare the criminal offense. It relates only to the allegations and proof of falsity. See, State v. Kowalczyk, 3 N.J. 51 (1949). Willfulness must be alleged and proved, and it is understood to mean as used in the statute "intentional and knowing the same to be false." R.S. 2:157-8.
Counts 1, 2, 3, and 4 of indictment No. 985-51 do not charge the defendant with having willfully swore falsely or with having done so intentionally and with knowledge of the falsity and therefore none of them will afford the basis of a valid conviction.
Contrast indictments in State v. Ellenstein, 121 N.J.L. 304, 321 (Sup. Ct. 1938); State v. Harris, 132 N.J.L. 54 (Sup. Ct. 1944), affirmed 132 N.J.L. 343 (E. & A. 1945); State v. Kowalczyk, supra.
It is observed that it is alleged in counts 5, 6, and 7, that the defendant "did then and there willfully swear falsely" in the particulars stated. It is nevertheless asserted by counsel for the defendant that the allegation of willfulness is misplaced in these counts of the indictment in that it should have followed and not preceded the recital of the testimony claimed to have been false. We do not perceive any substantial merit in that point, although to have repeated the prefatory allegation in association with the narration of the specific deeds would be in conformity with the precedents. Vide, Commonwealth v. Haynes, 2 Gray 72 (Mass. Sup. Jud. Ct. 1854). Since those counts are legitimately unobjectionable, the denial of the motion to dismiss the indictment was proper. State v. Hickman, 8 N.J.L. 299 (Sup. Ct. 1826); State v. Norton, 23 N.J.L. 33, 48 (Sup. Ct. 1850); State v. Startup, 39 N.J.L. 423 (Sup. Ct. 1877); Henderson v. State, 7 N.J. Misc. 520 (Sup. Ct. 1929).
*323 We resolve that the denial of the motion to dismiss indictment No. 986-51 was adequately warranted for the reasons expressed in the opinion of the county judge. It is more than implicit in the allegations of the indictment that as an occupant of the office of undersheriff and in functioning in such official capacity "in the proper governance, control and management of the Camden County Jail" and in the performance of "the public duty of keeping prisoners confined in jail," the defendant "did unlawfully and willfully" commit the several acts specified in the respective counts or "did unlawfully and willfully neglect and omit to perform the public duties" in the respects therein stated. Assuredly the accused could be charged with malfeasance in acting as undersheriff for and on behalf of the sheriff in the care, custody, and control of the county jail and the prisoners therein. Vide, R.S. 30:8-17; 40:41-28. Such is the manifest import of the indictment.
It is proposed on behalf of the defendant that the indictment is patently incomplete in that it does not embody any specific factual allegation of the delegation of the care and control of the jail and prisoners by the sheriff to the defendant. That attack upon the indictment seems to us to ignore the realization that an undersheriff, duly appointed, is deemed, as the title of the office indicates, to be a general deputy who is empowered to act for and on behalf of the sheriff in the exercise of the latter's official powers, and the undersheriff in exercising those powers and the related duties is under no less responsibility than the sheriff himself. The fact is that the delegation of authority inheres in the appointment and the obligations descend where, as here alleged, the performance of the particular official duties was actually pursued.
Indictment No. 991-51 charges that the defendant and other officers entered into a conspiracy "to disregard the duties imposed by law" pertaining to the confinement of the inmates serving sentences in the jail and "to misadminister" the jail, that is, to manage and conduct the jail wrongly. *324 Seventeen overt acts, severally specified, are therein alleged to have been committed in pursuance of the conspiracy, some of which are certainly contrary to law. The indictment appears to contain a statement of the essential facts constituting the offense charged and is basically informative. Rule 2:4-11. If an indictment presents with reasonable certainty all the facts necessary to render the offense judicially apparent, it should not be quashed. Haase v. State, 53 N.J.L. 34 (Sup. Ct. 1890); State v. Ellenstein, 121 N.J.L. 304, 315 (Sup. Ct. 1938). Overt acts in a conspiracy indictment are not in themselves offenses charged but rather events incidental to the alleged conspiracy. State v. Continental Purchasing Co., 119 N.J.L. 257 (Sup. Ct. 1938), affirmed 121 N.J.L. 76 (E. & A. 1938); State v. O'Brien, 136 N.J.L. 118, 123 (Sup. Ct. 1947). Supplementary information, if reasonably required by the defendant, may be elicited by means of a bill of particulars. Rule 2:4-14.
The final criticism directed against all of the indictments is that the words "a true bill" are not present in the endorsement above the signature of the foreman of the grand jury. Each indictment appears to have been "signed by the prosecuting attorney" and beneath the single word "endorsed" appears the signature of the foreman. The use of the terse expression "a true bill" in the form of the authentication of an indictment by the foreman of the grand jury has been in conformity with the conventional course of practice over a span of many years, and we do not perceive any cogent reason for the abandonment of the customary mode of identification and authentication. Indeed, it may be supposed that in the promulgation of Rule 2:4-11 declaring that "the indictment shall be endorsed by the foreman," an endorsement in the customary style and purport was contemplated.
However, Chief Justice Beasley explained in State v. Magrath, 44 N.J.L. 227 (Sup. Ct. 1882) why an indictment will not be quashed merely because it is not endorsed as a "true bill." Cf. State v. Shutts, 69 N.J.L. 206, 209 (Sup. Ct. 1903); State v. Unsworth, 85 N.J.L. 237 *325 (E. & A. 1913); State v. McFeeley, 134 N.J.L. 463 (Sup. Ct. 1946). The pertinent provision in Rule 2:4-11 is directory and not of such a mandatory character that its inadvertent disregard vitiates the indictment. The absence of the precise certification does not materially affect any substantial right of the defendant. People v. Hazard, 361 Ill. 60, 63, 196 N.E. 827 (Sup. Ct. 1935); Frisbie v. U.S., 157 U.S. 160, 39 L.Ed. 657, 15 S.Ct. 586 (1895).
Also encompassed by the present appeal is an order of the County Court directing that a struck jury be impanelled for the trial of the conspiracy indictment. Counsel for this defendant impugns the jurisdiction of the trial court to order a struck jury for the trial of a defendant for conspiracy. The point is untenable. Vide, R.S. 2:93-12; State v. Ellenstein, 17 N.J. Misc. 4 (O. & T. 1938); State v. Littman, 86 N.J.L. 453 (Sup. Ct. 1914), affirmed 88 N.J.L. 392 (E. & A. 1915). Notice incidentally N.J.S. 2A:75-1.
The orders under review are affirmed with the expression of our views concerning counts 1, 2, 3, and 4 of indictment No. 985-51.