# UNITED STATES CIRCUIT COURT.

## THE UNITED STATES agt. JOHN C. McAVOY.

An *indictment*, in other respects correct, is not invalid by reason of not contain-
ing the *signature* of the *district-attorney*—that office being vacant (by death) at
the time the indictment was found.

*New - York, January 28th,* 1860.

THE prisoner in this case was indicted and convicted for set-
ting fire to the ship Japan.   There were, at the same time, five
others indicted and convicted for various felonies.   A motion
in arrest of judgment was made, in the several cases, on the
ground that the indictments were not valid, as they did not con-
tain the signature of the district-attorney, the office being va-
cant at the time the indictments were found.   The motion
having been argued by counsel for the prisoners, and the dis-
trict-attorney for the United States, Judge BETTS, assigned,
orally, his reasons on deciding the motion, as follows:

The main objection taken by the prisoners' counsel to the
indictment was, that the grand jury originated them of their
own accord, and that they were brought into court, and the
prisoners were put to trial under them, without the signature
of a district-attorney being affixed to the indictments; and
that, in fact, the office of district-attorney was vacant when the
grand jury acted upon the cases, and found and brought the
indictments into court.   It was also objected that the indict-
ments were void in not charging that the various offences, be-
ing felonies, were committed feloniously.

The judge observed, that the facts attending the course of
the proceedings in the cases before the grand jury, had been
more accurately ascertained since the trial than they were
known to the court at the time the motions in arrest of judg-
ment were first presented.   The grand jury were empanneled
and sworn during the lifetime of the late district-attorney; all

the prisoners but one had been arrested upon these charges, taken under the directions of an official assistant-attorney before proper magistrates, and examined and committed by such magistrates for trial upon these charges, before the grand jury were qualified and charged by the court. The court instructed the grand jury explicitly to take cognizance of these commitments. They entered upon their duties on the 7th of December last, having some of these papers laid before them by the district-attorney that day, and how far they proceeded in their action upon the cases on the 7th and 8th of December, is not made to appear by any record or papers in court. On the night of the 8th of December, Mr. Sedgwick, the district-attorney, died, and on the 4th of January instant, his successor assumed the duties of office. The grand jury returned the bills of indictment into court December 21st, and on the 10th of January, the official assistant of the present district-attorney called up the indictments, had the prisoners arraigned in court, who all pleaded not guilty to the indictments, and a day was designated by the court for their trials. No exception was then taken in their behalf to the indictments. The grand jury, having completed their business, were the same day discharged for the term by the court. The prisoners were put upon their trial at the time appointed, and no exception to the sufficiency of the indictments was taken until verdicts of guilty were rendered in all the cases. The court, upon these facts, ruled the following points:

1. The grand jury did not originate any of the indictments of their own motion and accord, but the cases were submitted to their attention and action by the express instructions of the court.

2. One case was actually laid before the jury on the 7th of December by the then district-attorney, and there is reasonable ground to presume that all the other cases but one, in the same condition at the time, were also brought before the jury on the commitments theretofore made by magistrates during the life of the then district-attorney.

3. McAvoy alone was examined and committed by a com-

missioner after the decease of Mr. Sedgwick, and the indictment against him was found and filed in court whilst the office of district-attorney was vacant, but the grand jury were charged by the court to inquire into all cases of parties imprisoned for criminal offences against the laws of the United States, and were thus empowered to take cognizance of his case.

4. The signature of a district-attorney constitutes no part of an indictment, and is only necessary as evidence to the court that he is officially prosecuting the delinquents conformably to the duty imposed upon him by statute.

5. The appearance in court of the district-attorney on the 10th of January, moving the arraignment of the prisoners and their trial under these indictments, is an adoption of the indictments by him, and full evidence to the court of his concurrence in the acts of the grand jury, and of his prosecuting the delinquents in the name of the United States, pursuant to the authority and directions of the act of congress.

6. There appears to be no power, by statute or usage, conferred on the courts of the United States to recognize a suit, civil or criminal, as legally before them in the name of the United States, except the same is instituted and prosecuted by a district-attorney legally appointed and commissioned conformably to the statute.

7. The offence of wilfully setting fire to a ship at sea, with intent to burn her, being charged in the indictment in the words of the statute creating the crime, the allegation is sufficient without adding the words "feloniously."

The motion in arrest of judgment in this case, and all the others in which the same questions are involved, is accordingly denied.