## Case No. 15,654.

### UNITED STATES v. McAVOY.

[4 Blatchf. 418; [1] 18 How. Prac. 380.]

Circuit Court, S. D. New York. Jan. 28, 1860.

CRIMINAL LAW—INDICTMENT—SIGNATURE OF DISTRICT ATTORNEY—SETTING FIRE TO SHIP.

1. Where a grand jury was empanneled and sworn during the lifetime of a district attorney, and was charged by the court to enquire into the cases of all persons imprisoned for criminal offences against the laws of the United States, and then the district attorney died, and afterwards the prisoner was examined and committed by a commissioner, and an indictment was found against him while the office of district attorney was vacant, *held*, that the grand jury was empowered to take cognizance of the case.

2. The indictment not having been signed by any district attorney, and a new district attorney having caused the prisoner to be arraigned and tried on the indictment, *held*, that such action of the new district attorney was full evidence to the court of his concurrence in the action of the grand jury, and of his prosecution of the prisoner in the name of the United States, pursuant to the directions of the statute.

3. The signature of a district attorney is no part of an indictment, and is only necessary as evidence to the court that he is prosecuting the offender conformably to the duty imposed on him by statute.

4. No power is conferred, by statute or usage, on the courts of the United States, to recognize a suit, civil or criminal, as legally before them, in the name of the United States, unless it is instituted and prosecuted by a district attorney legally appointed and commissioned conformably to the statute.

[Cited in Confiscation Cases, 7 Wall. (74 U. S.) 457; U. S. v. Doughty, Case No. 14,986; U. S. v. Stone, 8 Fed. 261.]

[Cited in brief in U. S. v. Draper, 8 Mackey, 85.]

5. Where the offence of wilfully setting fire to a ship at sea, with intent to burn her, under section 7 of the act of July 29, 1850 (9 Stat. 441), being a felony, was charged in an indictment, in the words of the statute, *held*, that it was not necessary that the indictment should charge that the offence was committed feloniously.

This was a motion in arrest of judgment. The defendant [John C. McAvoy] was indicted, under section 7 of the act of July 29, 1850 (9 Stat. 441), for setting fire at sea to the ship Japan, with intent to burn her, and was tried and convicted. The grounds urged in support of the motion were (1) that the indictment did not bear the signature of a

[1] [Reported by Hon Samuel Blatchford, District Judge, and here reprinted by permission.]

district attorney, that office being vacant when the indictment was found; (2) that the indictment did not charge that the offence, being a felony, was committed feloniously. The grand jury which found the indictment was empanneled, and sworn during the lifetime of District Attorney Sedgwick, and entered on its duties on the 7th of December, 1859. On being sworn, it was charged by the court to enquire into the cases of all persons imprisoned for criminal offences against the laws of the United States. Mr. Sedgwick died on the 8th of December, 1859. The prisoner was examined and committed by a commissioner after the decease of Mr. Sedgwick, and the indictment against him was found and filed in court on the 21st of December, 1859, while the office of district attorney was vacant. District Attorney Roosevelt, the successor of Mr. Sedgwick, assumed the duties of the office on the 4th of January, 1860. On the 10th of January, 1860, the new district attorney arraigned the prisoner on the indictment, and he pleaded to it, and a day was fixed for the trial. On the same day, the grand jury was discharged. No exception was taken by the prisoner to the sufficiency of the indictment until after the verdict was rendered.

James I. Roosevelt, U. S. Dist. Atty.

James Ridgway, for the prisoner.

BETTS, District Judge.[2] [The main objection taken by the prisoner's counsel to the indictments was that the grand jury originated them of their own accord, and that they were brought into court, and the prisoners were put to trial under them, without the signature of a district attorney being affixed to the indictments; and that, in fact, the office of district-attorney was vacant when the grand jury acted upon the cases, and found and brought the indictments into court. It was also objected that the indictments were void in not charging that the various offences, being felonies, were committed feloniously. The judge observed, that the facts attending the course of the proceedings in the cases before the grand jury, had been more accurately ascertained since the trial than they were known to the court at the time the motions in arrest of judgment were first presented. The grand jury were empannelled and sworn during the lifetime of the late district attorney. All the prisoners but one had been arrested upon these charges, taken under the directions of an official assistant attorney before proper magistrates, and examined and committed by such magistrates for trial upon these charges, before the grand jury were qualified and charged by the court. The court instructed the grand jury explicitly to take cognizance of these commitments. They entered upon their duties on the 7th of December last, having some of these papers laid before them by the district attorney that day; and how far they proceeded in their action upon the cases on the 7th and 8th of December is not made to appear by any record or papers in court. On the night of the 8th of December, Mr. Sedgwick, the district attorney, died, and on the 4th of January instant, his successor assumed the duties of office. The grand jury returned the bills of indictment into court December 21st, and on the 10th of January the official assistant of the present district-attorney called up the indictments, had the prisoners arraigned in court, who all pleaded not guilty to the indictments, and a day was designated by the court for their trials. No exception was then taken in their behalf to the indictments. The grand jury, having completed their business, were the same day discharged for the term by the court. The prisoners were put upon their trial at the time appointed, and no exception to the sufficiency of the indictments was taken until verdicts of guilty were rendered in all the cases. The court, upon these facts, ruled the following points:

[1. The grand jury did not originate any of the indictments of their own motion and accord, but the cases were submitted to their attention and action by the express instructions of the court.

[2. One case was actually laid before the jury on the 7th of December by the then district attorney, and there is reasonable ground to presume that all the other cases but one, in the same condition at the time, were also brought before the jury on the commitments theretofore made by magistrates during the life of the then district attorney.

[3. McAvoy alone was examined and committed by a commissioner after the decease of Mr. Sedgwick, and the indictment against him was found and filed in court while the office of district attorney was vacant; but the grand jury were charged by the court to inquire into all cases of parties imprisoned for criminal offences against the laws of the United States, and were thus empowered to take cognizance of his case.] [2]

4. The signature of a district attorney constitutes no part of an indictment, and is only necessary as evidence to the court that he is officially prosecuting the delinquents conformably to the duty imposed upon him by statute.

5. The action of the new district attorney, in arraigning and trying the prisoner upon the indictment, was an adoption of it, and was full evidence to the court of his concurrence in the action of the grand jury, and of his prosecution of the prisoner in the name of the United States, pursuant to the directions of the statute.

6. That there is no power conferred, by

2 [From 18 How. Prac. 380.]

2 [From 18 How. Prac. 380.]

statute or usage, on the courts of the United States, to recognize a suit, civil or criminal, as legally before them, in the name of the United States, unless it is instituted and prosecuted by a district attorney legally appointed and commissioned conformably to the statute.

7. That the offence of wilfully setting fire to a ship at sea, with intent to burn her, being charged in the indictment, in the words of the statute creating the crime, the allegation was sufficient without adding the word "feloniously."

[The motion in arrest of judgment in this case, and all the others in which the same questions are involved, is accordingly denied.][2]