(95 Misc. Rep. 400)

### PEOPLE v. CLAFFY.

(Court of General Sessions, New York County.  May, 1916.)

1. CRIMINAL LAW ⊚⟶417(2), 422(6)—EVIDENCE—DECLARATIONS.
   In a prosecution for maintaining a disorderly house, statements of the inmates and of appellant's codefendant, made in her absence, are admissible to establish the character of the premises.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 950, 984; Dec. Dig. ⊚⟶417(2), 422(6).]

2. CRIMINAL LAW ⊚⟶424(1)—EVIDENCE—ADMISSIBILITY.
   In a prosecution for maintaining a disorderly house, statements of her codefendant, an employé of appellant, made in her presence to the police officer making the arrest, which directly charged the maintenance of a disorderly house, are admissible, regardless of appellant's silence.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1002, 1006, 1008, 1010; Dec. Dig. ⊚⟶424(1).]

3. DISORDERLY HOUSE ⊚⟶17—PROSECUTION—EVIDENCE—SUFFICIENCY.
   In a prosecution for maintaining a disorderly house, evidence as to whether the premises were being conducted for that purpose with the knowledge of accused held to raise a question of fact, and that a conviction by the magistrate was not against the weight of the evidence.
   [Ed. Note.—For other cases, see Disorderly House, Cent. Dig. §§ 26–29; Dec. Dig. ⊚⟶17.]

Appeal from City Magistrate's Court.

Mary Claffy and Stella Ulmer were convicted of violating Tenement House Law (Consol. Laws, c. 61) § 150, by maintaining a house of prostitution, and the defendant first named appeals.  Affirmed.

Goldberg & Busch, of New York City (James E. Smith, of New York City, of counsel), for appellant.

Edward Swann, Dist. Atty., of New York City, for the People.

NOTT, J.  [1] The defendant contends that the judgment should be reversed because of the improper reception of statements of inmates of the house made in the absence of the defendant, and certain statements of the codefendant Ulmer, who was tried with the defendant, some of which were made in the absence of the defendant and one in her presence.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

. The statements of the inmates of the house were clearly admissible, not as tending to establish defendant's knowledge of the disorderly character of the house, but as tending to prove that the premises were, as a matter of fact, carried on as a house of prostitution. As to the statements made by the defendant Ulmer in the absence of the defendant, they were clearly admissible against her (Ulmer), and their reception cannot be assigned as error.

[2] The statement made by the defendant Ulmer in the defendant's presence was testified to as follows:

The arresting officer testified that after arresting the defendant Ulmer the following took place: "The defendant Mary Claffy came in about half past 5, and in the presence of the defendant Mary Claffy I said to Stella Ulmer— Mary Claffy first says to me, 'What's the meaning of this?' I says, 'I am locking up your maid for running a disorderly house.' The maid said, 'I am doing nothing of the kind; I am only doing what you told me.' I says to Mrs. Claffy, 'Is that right?' The defendant Mary Claffy says to me, 'Why, no; I am not doing anything of the kind.' * * * The defendant Stella Ulmer said, 'Well, I am not going to get into trouble; I have been here for one year working for you, and I have been giving you the money, and I am not going to stand for this.' * * * 'Sometimes I get $5 from the men; the girl gets $3 and I give $2 to her. * * * If the man pays $7, the girl gets $4 and I give $3 to Mary Claffy. If the man pays $10, the girl gets $6 and I give $4 of it to Mary Claffy.' "

The defendant Stella Ulmer thereupon produced a book containing the names and addresses of various girls, and stated that she made the inquiries by direction of the defendant Claffy. To this accusation the defendant Claffy remained silent.

While it is true that the appellate courts have restricted the use of statements made in the presence of the defendant, I am not aware of any case that has gone to the length of holding that, where a direct accusation is made by the defendant's employé, as in the case at bar, an admission by silence cannot be proved. To hold thus under the circumstances here disclosed would be practically holding that an accusation made against the defendant, and not denied, could never be proved.

[3] The defendant further contends that no knowledge was proved on her part that the premises were being conducted as a disorderly house. I think, however, a clear question of fact was presented on that subject. The officer testified that when he was first admitted the defendant Claffy was present, asked who he was, and was shown the card on which he was admitted. The defendant admitted that the premises were hers, her name was on the door bell, and the cards used in the establishment bore her name. It appeared that she was in the premises at the same time when girls were present, clad in kimonos, and the evidence fails to show that she made any objection to their presence, or made any inquiries as to what they were doing there. One of the officers also testified that, when the defendant was in the patrol wagon with him, he inquired as to a former occasion on which she had been fined for maintaining a public nuisance and said:

"Don't you think this ought to be a lesson to you? This is the third time to my knowledge."

The defendant replied:

"Never again; I am through with these kind of houses; no more for me."

In my opinion it was clearly a question for the magistrate on the proof to determine whether or not the defendant had knowledge, and his determination is not against the weight of evidence. The judgment therefore is affirmed.

Judgment affirmed.