NAKANO v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit.   February 2, 1920.)

No. 3337.

1. WAR ⬥4—EVIDENCE OF DISORDERLY CHARACTER OF HOUSE ADMISSIBLE.
    In a prosecution for keeping a house of ill fame within five miles of a military post, in violation of Act May 18, 1917, § 13 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019b), and order of Secretary of War pursuant thereto, evidence of soliciting by a woman on the premises, who lived there *held* admissible.

2. WAR ⬥4—EVIDENCE OF DISORDERLY CHARACTER OF HOUSE ADMISSIBLE.
    In a prosecution for keeping a house of ill fame within five miles of a military post, testimony of an employé of the board of health that women found in the place were infected with venereal diseases *held* admissible.

3. CRIMINAL LAW ⬥1032(3)—OBJECTION TO INDICTMENT NECESSARY TO SECURE REVIEW.
    After going to trial without objection, a defendant cannot raise the objection in the appellate court that the indictment was not signed by the district attorney.

In Error to the District Court of the United States for the First Division of the Northern District of California; Edward E. Cushman, Judge.

Criminal prosecution by the United States against S. Nakano. Judgment of conviction, and defendant brings error. Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged him with keeping a house of ill fame within five miles of a military post, in violation of section 13 of the Act of May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019b), and the order of the Secretary of War made in pursuance thereof.

[1] Error is assigned to the refusal of the court below to strike from the evidence the testimony of a policeman, who testified that on the premises of the plaintiff in error he arrested a certain woman who he said was a prostitute; that she was soliciting prostitution and living on the premises; that she was standing in the doorway of the hotel of plaintiff in error "and there was a white man came along Stockton street; she nodded to him and said, 'Come on in.' " Motion was made to strike out the last statement, on the ground that it was hearsay, and not made in the presence of the defendant. The evidence was clearly admissible for the purpose of showing that prostitution was being practiced on the premises. State v. Toombs, 79 Iowa, 741, 45 N. W. 300; Beard v. State, 71 Md. 275, 17 Atl. 1044, 4 L. R. A. 675, 17 Am. St. Rep. 536; State v. Littman, 86 N. J. Law, 453, 92 Atl. 580; People v. Claffy, 95 Misc. Rep. 400, 160 N. Y. Supp. 760.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied April 5, 1920.

[2] It is contended that it was error to permit an employé of the board of health, whose duty it was to examine women arrested on immorality charges, with a view to isolate them and cure them if infected, to testify that he examined three of the women who were found on the premises of the plaintiff in error, and ascertained that they were all infected with venereal diseases. No authorities are cited for or against the admissibility of such testimony. We are not convinced that it was reversible error to admit it. The character of the women on the premises in question was proper to be considered in connection with the charge, and we think it was not beyond the proper range of proof to show, for the value which it might have, that the women had acquired the maladies common to prostitution. The charge of the court below is not before us. We may assume that the jury were properly instructed as to the probative value of such evidence.

[3] We find no merit in the suggestion that the indictment is fatally defective for failure of the district attorney to attach his signature thereto. No statute makes such a signature essential. The indictment was properly indorsed "A true bill" by the foreman, and was presented and filed in open court, and the plaintiff in error went to trial without directing objection to any formal defect. The objection was not raised in the court below, nor is it found in the assignments of error. It comes too late. United States v. McAvoy, 4 Blatchf. 418, Fed. Cas. No. 15,654; Frisbie v. United States, 157 U. S. 160, 15 Sup. Ct. 586, 39 L. Ed. 657.

The judgment is affirmed.