EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS BERMÚDEZ MALDONADO, acusado y apelante.

Núm. 14718.—*Sometido:* Diciembre 1, 1950. *Resuelto:* Enero 10, 1951.

*Eduardo Pérez Casalduc*, abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo y Frank Vizcarrondo Vivas, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

De los autos resulta que al ser llamado este caso para juicio, y antes de que se practicara la prueba en relación con el mismo, el acusado presentó una moción escrita en la que solicitó que se desestimase la acusación por no haber sido jurada por el fiscal. De la faz de la acusación aparece la firma del fiscal pero no la del Secretario del Tribunal autorizando el juramento. Discutida la moción fué declarada sin lugar, procediéndose entonces a la práctica de la prueba en relación con el delito de portar armas que se imputó al acusado, y como resultado de la prueba fué éste convicto y sentenciado.

El apelante invoca el artículo 3 del Código de Enjuiciamiento Criminal que prescribe:

"Todo delito respecto del cual tuviere jurisdicción original la corte de distrito, deberá perseguirse en virtud de acusación presentada por el fiscal en sala de justicia y confirmada con su declaración jurada que será suficiente si en ella se expresa que la acusación se funda en las declaraciones de testigos juramentados por él o las declaraciones de testigos examinados ante un juez instructor, y que él cree solemnemente que existe justa causa para formular la acusación. Todas las causas en que deben entender los jueces de paz o municipales, cuando se apelan a la corte de distrito, serán juzgadas atendiendo a la primitiva denuncia o auto judicial procediéndose de nuevo al juicio en la corte de distrito."

Empero el fiscal arguye que el apelante no nos ha puesto en condiciones de aplicar el citado artículo 3 porque en la vista de la moción para desestimar pudo haberse presentado

prueba al efecto de que el fiscal hubiera prestado el juramento, y que por error o inadvertencia del secretario hubiera dejado éste de estampar su firma autorizándolo, y que en tal caso no existiría el defecto imputado a la acusación.

La hipótesis del fiscal está destruída por las constancias de los autos, las cuales revelan que al llamarse a la vista de la moción sólo se discutieron cuestiones de derecho. Que ello es así lo demuestra la minuta del juicio que dice:

"Llamado este caso para juicio en el día de hoy, compareció el acusado asistido de su abogado Lic. E. Pérez Casalduc. El Pueblo compareció por su fiscal, F. Coll Moya. Se discutieron cuestiones de derecho promovidas por el acusado, las cuales fueron declaradas sin lugar. El acusado dió por leída la acusación e hizo alegación de inocente. Practicada la prueba, la Corte por el resultado de la prueba practicada, declaró al acusado culpable y convicto del delito de Portar Armas y le condenó a sufrir la pena de un mes de cárcel, ordenándose la confiscación del arma ocupada. La Corte señaló al acusado una fianza de $500 para en caso de que desease apelar."

En tales circunstancias no podemos exigir al apelante que eleve a este Tribunal una prueba que nunca existió.

Erró pues la corte a quo al no desestimar la acusación de conformidad con lo prescrito en el artículo 3 antes transcrito, ya que el fiscal en ningún momento solicitó permiso para jurarla.

*Procede revocar la sentencia y absolver libremente al acusado.*

El Juez Asociado Sr. Snyder no intervino.