George Harold **WILTSEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 6973.

United States Court of Appeals
Fourth Circuit.

Argued May 23, 1955.

Decided May 26, 1955.

Ralph Lucian Payne, Alexandria, Va., for appellant.

James R. Moore, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and Harlan E. Freeman, Asst. U. S. Atty., Arlington, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

 This is an appeal in a criminal case wherein appellant was convicted of using an interstate wire in execution of a scheme to defraud in violation of 18 U.S.C. § 1343. His principal contention is that the telegrams relied on as evidence of guilt were sent after the fraud had been perpetrated and at a time when they could not have aided in execution of the scheme. It is perfectly clear, however, that they were "lulling" telegrams sent for the purpose of conveying assurances to the victims of the fraud and to prevent action on their part which might have interfered with the carrying out of the scheme. See Preeman v. United States, 7 Cir., 244 F. 1; United States v. Spielberger, D.C., 28 F.Supp. 380, 382. Another contention is that appellant was not shown to have sent the telegrams; but he is positively identified as the sender of one of them, and the evidence as to this taken together with the other circumstances in the case is sufficient to connect him with the others. In addition to this, the sentences imposed on the various counts of the indictment run concurrently, and the punishment imposed is supported by the conviction under the count relating to the telegram which appellant is shown by direct evidence to have sent.

 Appellant contends that the indictment was not signed by the United States Attorney; but it was signed by the foreman of the grand jury and the name of the United States Attorney was signed in typewriting and no question with regard thereto was raised until after the jury had been empanelled. This was too late. Nakano v. United States, 9 Cir., 262 F. 761. Furthermore, "the signature of the prosecuting attorney is no part of the indictment and is necessary only as evidence of the authenticity of the document". Wheatley v. United States, 4 Cir., 159 F.2d 599, 600–601. Appellant moved for a mistrial on the ground that one of the witnesses for the prosecution sat for lunch at a hotel table at which two of the jurors were sitting. The judge investigated this matter thoroughly, however, and found that the case was not discussed and that nothing occurred by which appellant's cause could have been prejudiced. The granting of a mistrial under such circumstances is a matter resting in the sound discretion of the trial judge and there is nothing to show that there was any abuse of that discretion here.

The case was fairly tried and the guilt of appellant fully established. There was no error and the conviction and sentence will be affirmed.

Affirmed.