EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE AGUADILLA, HON. MODESTO VELÁZQUEZ FLORES, JUEZ, demandado; JOSÉ E. ACEVEDO CRUZ, interventor.

Número: C-66-51        Resuelto: 6 de abril de 1967

*J. B. Fernández Badillo, Procurador General,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados del peticionario; *Héctor Reichard,* abogado del interventor.

El Juez Asociado Señor Hernández Matos emitió la opinión del Tribunal.

El 17 de noviembre de 1965 el fiscal de la Sala de Aguadilla del Tribunal Superior, presentó acusación contra el interventor Acevedo Cruz, imputándole una infracción del Art. 5-801 de la Ley de Tránsito, Núm. 141 de 1960, consistente en que el día 19 del mes de setiembre de ese año condujo por una vía pública un vehículo de motor bajo los efectos de bebidas embriagantes. [1]

El 19 de abril de 1966 fue llamado el caso para juicio y en esa ocasión Acevedo Cruz asistido por su abogado, personalmente se declaró culpable y solicitó se le dictara sentencia en el acto. Se le impuso la pena de $100 de multa y la suspensión de la licencia por el término de 1 año, "retroactivo a la fecha que se le ocupó la licencia, 19 de setiembre de 1965."

En tal forma, la penalidad adicional dispuesta por el Art. 5-802 (d) de la Ley Núm. 141 de 1960 [2] en casos de

[1] De la faz de la acusación aparece la firma del fiscal pero no la del secretario del Tribunal autorizando el juramento, situación idéntica a la de *Pueblo* v. *Bermúdez,* 72 D.P.R. 4 (1951). Véanse las Reglas 34, 35 (e) y 64 (c), de Procedimiento Criminal. Probablemente el letrado del acusado no pudo notarlo, por la frecuente práctica de notificar a los acusados copias de la acusación con las firmas en blanco.

[2] Previene tal inciso (d) lo siguiente:

"(d) En caso de una primera convicción, además de las penalidades antes indicadas, el tribunal decretará la suspensión de la licencia de conducir por un período que no podrá ser menor de un (1) año ni mayor de dos (2) años y en caso de reincidencia la revocación será permanente."

conducción de vehículos de motor bajo los efectos de bebidas embriagantes, como tal penalidad, surtiría efectos prospectivos, no por un año, sino tan sólo por cinco meses.

A solicitud del Procurador General libramos un auto de *certiorari* para revisar la sentencia en aquella parte que dispone la suspensión de la licencia con efecto retroactivo.

En su alegato sostiene el Procurador General:

"La disposición citada guarda silencio en cuanto a la fecha en que comenzará a correr el período de suspensión de la licencia. El estudio de otras disposiciones de la misma ley llevan a la conclusión de que el término se cuenta a partir de la fecha de la convicción.

"La Sección 11-102(a)—9 LPRA sec. 1642—dispone:

'Cuando por virtud de las disposiciones de este Capítulo o sus reglamentos, un tribunal suspendiese o revocare la licencia de una persona a conducir vehículos de motor, el juez se incautará de la licencia del conductor afectado y el secretario de la sala sentenciadora la enviará al Secretario junto con una copia certificada de la sentencia donde se expresa claramente los términos de la suspensión o revocación.'

"Por otra parte, la sección 11-103—9 L.P.R.A. sec. 1643— dispone:

'Cuando una persona fuere convicta de un delito que, de haber sido conductor autorizado le hubiere acarreado la suspensión de su licencia, el Secretario no le expedirá licencia de conducir por un período igual al que hubiere aparejado dicha suspensión, *contado desde la fecha de la convicción.*' (Énfasis suplido)

"Interpretando las diversas secciones citadas, este Hon. Tribunal tuvo oportunidad de señalar cuál debe ser la norma a seguirse cuando sea menester decretar la suspensión de la licencia de conducir:

'El punto de partida para computar el término de suspensión no debe ser diferente en el caso de un convicto autorizado a conducir, ya que el propósito que persigue la ley, en uno y otro caso, es el mismo, el de proteger al público, temporal o definitivamente, contra el peligro que representa en las carreteras un conductor de vehículos de motor estando

bajo los efectos de bebidas embriagantes. Al convicto autorizado a conducir se le suspenderá su licencia de conductor por determinado período, y al convicto no autorizado a conducir se le niega autorización (no expedición de licencias) para conducir por igual período. Por lo tanto, siendo el propósito de la ley el mismo en ambos casos no se justificaría establecer una distinción en cuanto a la forma de computar el término de suspensión para favorecer al conductor no autorizado.' *Pueblo* v. *Pérez Escobar,* res. el 6 de octubre de 1964 (Ref. Colegio de Abogados, 1964-158 [91 D.P.R. 10]). Véase además el caso de *Luis Arana Rodríguez* v. *Tribunal Superior, Sala de San Juan, etc.,* res. el 26 de marzo de 1965 (Ref. Colegio de Abogados 1965-61 [92 D.P.R. 145]).

"La suspensión de la licencia de conducir según fue decretada por el Tribunal recurrido, tuvo el efecto, en contravención a las disposiciones de la Ley de Tránsito, de limitar el período de suspensión a un término menor que el provisto por el estatuto, que como hemos demostrado, no debe ser menor de un año. 9 LPRA sec. 1042(d)."

Por su parte sostiene el distinguido letrado del interventor, que el haberle dado efecto retroactivo a la suspensión de la licencia "parece ajustarse a la norma más equitativa", debido a que el castigo del interventor comenzó desde que se le privó de su licencia ya que la acusación no operaba, como en el caso de la denuncia-citación, como un permiso provisional para conducir y que debe justificarse la forma en que se dispuso el término de suspensión por su analogía con la situación que produce el descuento del término de prisión preventiva autorizado por la Regla 182 de Procedimiento Criminal.

En la etapa investigativa de este tipo de infracción a la Ley de Tránsito al magistrado que considere que existe causa probable de la comisión del delito para arrestarlo, se le impone por su Art. 5-804(b) el deber de "ocupar en el acto la licencia de conducir que posea el detenido o arrestado." Sin duda alguna, a base de la orden de arresto del día 19 de setiembre de 1965, y previa la determinación de causa

probable, se le ocupó la licencia al interventor, quien después confesó en corte abierta haber conducido entonces un vehículo de motor bajo los efectos de bebidas embriagantes.

Esa medida de seguridad provisional, no fue considerada por el legislador como única o plena garantía social. Dispuso algo más. Como una penalidad adicional "a la primera convicción", imperativamente ordenó la suspensión de la licencia por un período de uno a dos años. Para casos de reincidencia, la revocación permanente.

Se trata claramente de una penalidad adicional que tiene por supuesto la primera convicción. Por ello el punto de partida para contar el término de suspensión es la fecha en que se dicta sentencia por el Tribunal Superior.

En sus efectos la privación preventiva de la libertad de un ciudadano no es comparable o asemejable con la mera ocupación de una licencia para conducir un vehículo de motor. En ausencia de una ley o regla que autorice el descuento en este último caso, el tribunal recurrido no tenía facultad para darle a la suspensión efecto retroactivo alguno.

*Deberá modificarse la parte impugnada de la sentencia dictada contra el interventor, de manera que en la misma se disponga que el término de un año de suspensión de la licencia de conductor se contará desde el 19 de abril de 1966.*