Woodrow ELLIS, Petitioner,

v.

A. E. SLAYTON, Jr., et al., Superintendent, Virginia State Penitenitary, Respondent.

Civ. A. No. 72–C–155–R.

United States District Court,
W. D. Virginia,
Roanoke Division,

Feb. 2, 1973.

**1354**

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Woodrow Ellis, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia on December 12, 1972 and by order of that court, dated December 12, 1972, was transferred to this court.

Petitioner is currently being detained pursuant to a judgment of the Circuit Court of Franklin County, imposed on April 19, 1972, wherein the defendant was convicted of two counts of second degree murder and sentenced to terms of twenty years and seventeen years. The conviction resulted after a trial by jury in which the petitioner, represented by court-appointed counsel, entered a plea of not guilty.

Following his conviction, petitioner on June 12, 1972, filed a petition for writ of error with the Virginia Supreme Court. Finding no reversible error, that court on October 20, 1972 refused petitioner's petition for writ of error and supersedeas and the conviction was affirmed.

Petitioner alleges several errors in his petition: 1) that he was denied due process of law by reason of the fact that a witness for the Commonwealth talked with a juror during the course of the trial, and 2) that he was denied the effective assistance of counsel because his counsel did not make a motion for a mistrial nor did he ascertain whether any conversation between the witness for the Commonwealth and the juror influenced the juror.

Since petitioner has raised both of these allegations on appeal to the Virginia Supreme Court, he has exhausted his available state remedies in compliance with the provisions of 28 U.S.C.A. § 2254.

■ Petitioner first alleges that he was denied due process of law because a commonwealth witness talked with a juror during the course of the trial and the court did not declare a mistrial or ascertain whether or not petitioner had been prejudiced. However, portions of the trial transcript (pp. 159–163) indicate that the court questioned the witness who had talked with the juror in a thorough manner. The witness told the court that he had discussed some cars parked across the street with the juror. The court then asked petitioner's counsel whether he wished to make a motion for a mistrial. The court also asked petitioner's counsel whether he wished that the juror be called into chambers and questioned about the matter. The transcript indicates that petitioner's counsel had difficulty in reaching a decision, as he felt that the questioning of the juror might lead to further "hard feelings" towards the defendant. If the discussion which took place between the juror and the commonwealth's witness only involved parked cars, it would have resulted in no prejudice to the petitioner. Petitioner's counsel therefore made the decision not to question the juror or to ask for a mistrial. He told the court that he had talked with the petitioner and had told him what the alternatives would be, and that petitioner desired for the trial to proceed.

The Supreme Court has ruled that any private conversation with a juror during a criminal trial is grounds for a mistrial unless it is established that such contact was harmless to the defendant. Rem-

mer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

In a criminal case, any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant. Mattox v. United States, 146 U.S. 140, 148–150, 13 S.Ct. 50, 36 L.Ed. 917; Wheaton v. United States, 8 Cir., 133 F.2d 522, 527. Id. at 229, 74 S.Ct. at 451.

In the instant case, the Commonwealth established that the contact between the witness and the juror was harmless, since only parked cars had been discussed.

Respondent likens this case to Wiltsey v. United States, 222 F.2d 600 (4th Cir. 1955) and this court concurs with that analysis. In *Wiltsey*, the appellant moved for a mistrial on the ground that one of the witnesses for the prosecution sat for lunch at a hotel table at which two of the jurors were sitting. The judge investigated this matter thoroughly and found that the case was not discussed and that nothing occurred which could have prejudiced appellant's case. The Fourth Circuit stated that "The granting of a mistrial under such circumstances is a matter resting in the sound discretion of the trial judge and there is nothing to show that there was any abuse of that discretion here." Wiltsey v. United States, supra at 601. This court finds that in the present case, the granting of a mistrial was in the sound discretion of the trial judge and there is nothing to show any abuse of that discretion here. The trial judge investigated the matter and found nothing

which could have prejudiced petitioner's case. Furthermore, petitioner did not ask to question the juror nor did he make a motion for a mistrial. Therefore, his allegation that he was denied due process of law or his case prejudiced in any way by the court's failure to declare a mistrial must be dismissed as being without merit.

■ Petitioner also alleges that he was denied effective assistance of counsel because his counsel did not make a motion for a mistrial or question the juror regarding his conversation with the commonwealth's witness. The evidence indicates that petitioner's counsel was faced with a pure question of trial tactics. If he questioned the juror, he would have assumed that the juror and witness discussed more than just parked cars, and furthermore, that their discussion was not "harmless" but was in fact prejudicial to the petitioner. Only if it was prejudicial would it have been grounds for a mistrial. Petitioner's counsel felt that petitioner had more to lose than to gain by pursuing the matter further, as the juror may have been prejudiced against the petitioner as a result of his being questioned about the incident. After explaining the alternatives to the petitioner, petitioner's counsel stated that petitioner wished the trial to proceed. The decision was made by an attorney experienced in trial tactics and the record indicates that petitioner's counsel followed the best tactics he thought advisable, which were in accordance with the desires of the petitioner.

In Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959), it was held:

It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights. It has been repeatedly held that in case of counsel selected by the defend-

ant the commission of what retroactively may appear to be errors of judgment on the part of the attorney does not constitute a constitutional lack of due process and does not defeat the jurisdiction of the trial court.

The court does not find the errors of counsel, if any, in the present case to be sufficient to establish a violation of petitioner's constitutional right. The decision which was made was entirely within counsel's discretion, after consultation with the petitioner. The court therefore dismisses petitioner's allegation of ineffective representation of counsel as being without merit.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied. This dismissal is without prejudice to the refiling of a petition on any claims not adjudicated here after exhaustion of available state remedies.