EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARLOS VILLAHERMOSA, acusado y apelante.

*Número:* CR-74-22      *Resuelto:* 27 de enero de 1975

*Fermín B. Arraiza Miranda y Ludmilia Rivera Burgos,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General, Peter Ortiz, Procurador General Interino y Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El 26 de noviembre de 1969 se formuló denuncia contra el apelante por alegados daños maliciosos contra la propiedad, Art. 511 del Código Penal, 33 L.P.R.A. sec. 2061. El Tribunal de Distrito lo halló culpable, condenándolo a cumplir una pena de tres meses de cárcel y a pagar

una multa de cien dólares. El acusado apeló al Tribunal Superior, solicitando la celebración de un juicio *de novo*.

El Tribunal Superior celebró el juicio *de novo* requerido y el 5 de marzo de 1970 dictó sentencia, condenando al convicto a cumplir dos meses de cárcel y a pagar una multa de cien dólares. En apelación ante nos, la cual quedó finalmente sometida el 12 de diciembre de 1974, se hacen tres planteamientos. Se cuestiona la validez de la denuncia; se alega que el Tribunal de Distrito no cumplió con sus obligaciones respecto a la preparación de un récord de los procedimientos; y se ataca la credibilidad de la prueba.

■ Respecto al primer señalamiento, éste se fundamenta en el hecho de que en la denuncia, presentada vía el formulario "OAT 905 (Rev.) Julio 1963", de utilización general, aparece la firma del fiscal y se hace constar que la denuncia se juró ante un juez, quien así lo aseguró bajo su propia firma, pero sin incluirse el texto del juramento en sí. Argumenta el apelante que la exclusión de dicho texto vicia de nulidad la denuncia.

No le asiste razón al apelante. La Regla 35 (e) de las de Procedimiento Criminal requiere "La firma y juramento del denunciante o del fiscal según se dispone en las Reglas 5 y 34, respectivamente." La Regla 64 (c) incluye, además, entre los fundamentos para desestimar el siguiente: "Que la acusación o la denuncia no han sido debidamente firmadas o juradas." Ninguna de las reglas citadas, sin embargo, provee base para requerir, so pena de nulidad, que el texto formal del juramento se incluya en la denuncia o la acusación. El apelante cita tan solo a *Pueblo* v. *Bermúdez*, 72 D.P.R. 4 (1951), en apoyo de su contención, mas este caso es enteramente distinguible del presente. En *Bermúdez* el fiscal había firmado, pero faltaba la firma del funcionario con capacidad para autorizar el juramento.

El historial de las reglas concernidas, junto al examen del propósito central del cuerpo a que pertenecen, revela lo

inmeritorio del argumento reseñado. Antes de la aprobación de las Reglas, el Art. 72 de nuestro Código de Enjuiciamiento Criminal, ed. de 1935, prescribía el contenido del juramento a prestarse, a la usanza de los tiempos del derecho estricto y de las alegaciones formalistas. Las nuevas Reglas, inspiradas en parte en las federales, en la legislación de California y el Código Modelo, eliminaron significativamente este antiguo requisito. No hallamos justificación jurídica para reinstalarlo.

Las reglas federales, aun menos pormenorizantes que las nuestras sobre este particular, ya que tan sólo exigen la firma del fiscal o el denunciante, sin juramento de índole alguna, se han interpretado de manera muy flexible. De ahí que se haya resuelto que basta con que firme un ayudante del fiscal y hasta se ha permitido la omisión de la firma del fiscal de constar su nombre a máquina en el documento. *Wiltsey* v. *United States*, 222 F.2d 600 (4th Cir. 1955); *United States* v. *Newman*, 468 F.2d 791 (5th Cir. 1972), *cert. den.* 411 U.S. 905. En California no se interpreta tampoco de modo restrictivo el modo de la firma. *People* v. *Barreras*, 5 Cal. Rptr. 454, 181 C.A.2d 609 (1969).

En Puerto Rico se intentó lograr a todas luces una solución intermedia entre el formalismo de nuestro Código de Enjuiciamiento Criminal y el reducido rigor de la reglamentación moderna. Debe jurarse la acusación o denuncia, pero no hay que atenerse a fórmulas sacramentales para hacerlo ni incluirlas en el texto de la denuncia. En lo que toca a la vigencia en nuestro país de doctrinas como las sentadas en *Wiltsey, Newman* y *Barreras*, éstas no son cuestiones que están propiamente ante nuestra consideración en el caso de autos.

El resultado alcanzado en el actual litigio está conforme con el espíritu general de las Reglas, entre cuyas características principales se encuentra la de mitigar el excesivo tecnicismo del antiguo procedimiento en aquellas situaciones, como es natural, donde no se vulneren los derechos de los acusados.

1 Wright and Miller, *Federal Practice and Procedure, Criminal,* sec. 123. La distinción entre simple tecnicismo insustancial y defecto que afecte los derechos del acusado debe, por supuesto, establecerse caso a caso con cuidado extremo. *Russell* v. *United States,* 369 U.S. 749, 763–4 (1962).

■ El segundo señalamiento es inmeritorio. Acogido el acusado al juicio *de novo,* los autos en apelación consisten del expediente original y de las notas del juez sobre la prueba. Regla 216(h) de las de Procedimiento Criminal. Del expediente surge, además, que se grabaron los procedimientos en el Tribunal de Distrito. Véanse las hojas de control de la grabadora (págs. 10–11 del expediente).

■ El señalamiento sobre la insuficiencia de la prueba carece igualmente de base. Un testigo de cargo identificó al apelante como la persona causante de los daños. Las circunstancias de la identificación eran difíciles, pues los daños en cuestión se cometieron en ocasión de una marcha constituida por numerosas personas. La lectura del récord nos convence, sin embargo, de que los testimonios rendidos sostienen la determinación del juzgador e impiden nuestra intervención con su criterio.

*Se confirmará la sentencia apelada.*