**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0121-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MATTHEW D. ROLLE, a/k/a
CHEEKS DASHAUN,

    Defendant-Appellant.

_____

Submitted April 28, 2026 – Decided May 21, 2026

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 15-07-0387.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Brian Plunkett, Designated Counsel, on the brief).

Kristin J. Telsey, Salem County Prosecutor, attorney for respondent (Matthew M. Bingham, Assistant Prosecutor, on the brief).

PER CURIAM

After a remand, defendant Matthew Rolle appeals from the July 26, 2024 Law Division order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In 2016, a jury convicted defendant of two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). The charges arose from defendant's brutal and unprovoked assault of his former friend and the friend's mother, resulting in serious bodily injury to both victims. The indictment described the weapon defendant used as a "knife or machete type object." The court sentenced defendant to an aggregate term of twenty-six years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

We affirmed defendant's convictions and sentence. State v. Rolle, No. A-5239-15 (App. Div. Aug. 15, 2017). The Supreme Court denied certification. State v. Rolle, 232 N.J. 285 (2018).

In his first PCR petition, defendant's principal claim was his trial counsel was ineffective for failing to object to jury charges which used the term "knife

or machine type object," rather than the generic term "deadly weapon" contained in the model jury charge. He further claimed his appellate counsel on direct appeal was ineffective for not arguing there were inconsistencies in the testimony of the State's witnesses. Finally, he alleged the trial court improperly corrected a discrepancy in the judgment of conviction without scheduling a hearing at which defendant would be allowed to appear.

On January 22, 2020, the first PCR court denied the petition without an evidentiary hearing. The court found defendant's ineffective assistance claims relating to his trial counsel were procedurally barred under Rule 3:22-4(a). With respect to the remainder of the claims, the court concluded defendant failed to establish a prima facie case of ineffective assistance of trial or appellate counsel or an entitlement to an evidentiary hearing.

We affirmed. State v. Rolle, No. A-3907-19 (App. Div. Jul. 19, 2021). The Supreme Court denied certification. State v. Rolle, 248 N.J. 553 (2021).

Defendant thereafter filed a second PCR petition. He alleged his first PCR counsel was ineffective for not arguing: (1) trial counsel was ineffective for not moving to dismiss the indictment because the grand jury foreperson did not sign and endorse it as a true bill; (2) trial counsel was ineffective for not advising defendant during plea negotiations he faced an extended-term sentence as a

3

persistent offender pursuant to N.J.S.A. 2C:44-3(a).  Defendant alleged he would have accepted a plea offer and not gone to trial had he known his sentencing exposure; and (3) direct appellate counsel was ineffective for failing to order the transcript of the April 12, 2016 jury selection because defendant believed the transcript would contain evidence of juror bias.

On March 3, 2021, the second PCR court issued a written decision and order dismissing defendant's petition as untimely.  The court concluded the filing deadline for the second petition was January 22, 2021, one year after the January 22, 2020 dismissal of his first petition, under Rule 3:22-12(2)(C).  The court found defendant filed his second petition on January 27, 2021.

For the first time on appeal from that decision, defendant, who was incarcerated, provided evidence he gave his second petition to prison mailroom officials for mailing to the court on January 8, 2021, accompanied by sufficient postage.  He argued the second PCR court erred by not applying the mailbox rule established in Houston v. Lack, 487 U.S. 266 (1988), to determine the filing date of his second petition.  In Houston, the Court held that under the federal rules of appellate procedure, a habeas corpus appeal of an incarcerated person is considered filed at the moment of its delivery to prison authorities for mailing to the court.  Id. at 270.

A-0121-24

Over the State's objection, we vacated the order dismissing the second PCR petition, and remanded for a determination of whether the petition was timely filed. State v. Rolle, No. A-2965-20 (App. Div. Jan. 13, 2023).

On remand, the State waived its argument the second petition was untimely. In addition, the court permitted defendant to raise a new argument: his sentence was illegal because the sentencing court improperly considered evidence relating to charges on which defendant was acquitted and did not articulate an "overall fairness" assessment required by State v. Torres, 246 N.J. 246, 273 (2021), before imposing consecutive NERA sentences.

On July 16, 2024, the second PCR court issued a written decision and order denying the petition without an evidentiary hearing. The court, relying on State v. Lombardo, 20 N.J. Super. 317, 324-25 (App. Div. 1952), concluded the absence of a foreperson's signature on an indictment does not invalidate the indictment. Thus, the court concluded defendant could not establish his first PCR counsel was ineffective for not arguing his trial counsel was ineffective for not seeking dismissal of the indictment.

In addition, the court found defendant was aware he was exposed to an extended-term sentence as a persistent offender. The court found defendant's sentencing exposure was noted on the pretrial memorandum, which defendant

initialed. In addition, the court found a recording of the February 12, 2016 pretrial conference included the court informing defendant he was facing "upwards of eighty years in prison with a forty-year parole disqualifier if convicted." Thus, the court concluded defendant could not establish first PCR counsel was ineffective for not arguing trial counsel's performance was deficient for not advising defendant of his sentencing exposure.

The court also found defendant alleged no specific facts supporting his claim direct appellate counsel was ineffective for not ordering the jury selection transcript. In the absence of any explanation or support for defendant's purported memory of juror bias on the day in question, the court concluded defendant could not establish he was entitled to PCR on this claim. The court found an evidentiary hearing was not warranted, given defendant's failure to allege viable claims of ineffective assistance of counsel.

Finally, the court concluded defendant's sentencing arguments were, in effect, challenges to the length of his sentence, not its legality. Thus, the court concluded defendant could not raise those arguments in a PCR petition. The court also noted defendant unsuccessfully challenged his sentence on direct appeal, precluding him from challenging his sentence through a PCR petition. See R. 3:22-5. This appeal followed.

6

Defendant raises the following arguments for our consideration.

> THE PCR COURT ERRED IN DENYING RELIEF BECAUSE [FIRST] PCR COUNSEL FAILED IN HIS DUTY TO THOROUGHLY PRESENT LEGAL ISSUES WHEN HE DID NOT ADVANCE DEFENDANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INFORM DEFENDANT THAT HE WAS ELIGIBLE FOR AN EXTENDED TERM IF CONVICTED; AND FOR NOT ADVANCING DEFENDANT'S CLAIM THAT APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ORDER AND REVIEW THE APRIL 12, 2016 TRANSCRIPT OF JURY SELECTION ALLEGED TO CONTAIN EVIDENCE OF JUROR BIAS. IN ADDITION, BECAUSE DEFENDANT'S SENTENCE WAS IMPOSED WITHOUT SEVERAL DUE PROCESS PROTECTIONS, HE MUST BE RESENTENCED.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "'substantial denial in the conviction proceedings' of a defendant's state or federal constitutional rights." Ibid. "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Ibid. (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts" that "provide

the court with an adequate basis on which to rest its decision" must be articulated.  Mitchell, 126 N.J. at 579.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel.  State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)).  To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz.  466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness."  Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694.  The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea.  State v. Gaitan,

8

209 N.J. 339, 350-51 (2012). To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." Lee v. United States, 582 U.S. 357, 369 (2017).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

9

We review a judge's decision to not hold a PCR evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

Where a PCR court does not hold an evidentiary hearing, this court's standard of review is de novo as to both the factual inferences drawn by the trial court from the record and the court's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016); see State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014)).

Having reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the July 26, 2024 order. The second PCR

court thoroughly analyzed defendant's ineffective assistance of counsel claims. The court's conclusion plaintiff did not establish entitlement to a hearing or PCR on those claims is well-supported by the record.[1]

In addition, the court correctly found defendant unsuccessfully challenged his sentence in his direct appeal. Each of defendant's sentencing arguments in his second PCR petition either were or could have been raised in his direct appeal and are, therefore, precluded by Rule 3:22-5.[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

---

[1] Defendant's brief does not address the second PCR court's rejection of his claim concerning the validity of the indictment. We deem any argument with respect to that claim waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026); Telebright Corp. v. Dir., N.J. Div. of Tax., 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

[2] In his merits brief, for the first time defendant argues he is entitled to be resentenced in light of the holding in Erlinger v. United States, 602 U.S. 821, 835 (2024), because the court, and not a jury, determined he was eligible for an extended-term sentence pursuant to N.J.S.A. 2C:44-3(a). We decline to address an argument raised for the first time in a merits brief and for which there is no record to review on critical issues, including whether the holding in Erlinger can be applied retroactively to sentences that were not on direct review when Erlinger was issued and whether failure to comply with Erlinger in this matter was a harmless error. See State v. Carlton, 262 N.J. 629, 643-44 (2026). See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-0121-24